## C. E. R. King v. Fortunata Battaglia, Executrix, et al.

### Decided January 18, 1905.

**1.—Will—Administration—Jurisdiction of County Court—Change of Character of Administration.**

Though an independent executor has qualified and commenced to administer the estate, the County Court may, upon application by the executor, set aside the provision in the will appointing him executor, and make him administrator with the will annexed, acting under orders of court.

**2.—Same—Jurisdiction of County Court—Collateral Attack—Appeal.**

A creditor, having presented his claim to such administrator, and having had it entered upon the claim docket and approved by the County Court, and having appealed from its action in classifying the claim to the District Court, he can not, on appeal to the Court of Civil Appeals, attack collaterally the authority of the County Court to change the character of administration, nor the order setting aside to the widow and children allowance for support, and for homestead, from which he had not appealed.

**3.—Brief—Assignments of Error—Rules of Court.**

Assignments of error relating to various conclusions of law by the court, the admission in evidence of certain orders and decrees of the Probate Court, and the testimony of a certain witness, which are copied into the brief one after the other, and submitted as propositions, can not, under rule 30 for Courts of Civil Appeals, be considered.

**4.—Administration—Priority of Claims—Estoppel.**

The widow of deceased, who, while acting in her official capacity as executrix, allowed, without any consideration to herself or her minor children, the claim of a creditor who held a deed of trust lien on land of the estate, was not estopped from afterwards, when the character of her administration was changed from that of independent executrix to administratrix acting under orders of court, urging the priority of claims for widow's allowance, funeral expenses, expenses of last illness, and attorney fees incurred in administering the estate.

**5.—Same—Same—Evidence—Pleading—Harmless Error.**

In determining the priority of claims, testimony that the approval of such claim by the independent executrix was not based on any consideration to make it binding as a waiver of her personal rights, or those of her children, was admissible, though pleas of non est factum and want of consideration were not filed; and permitting the widow to file such pleas after the testimony was concluded, if error, was harmless.

**6.—Same—Same—Widow and Orphan's Claim.**

The acknowledgment by a married woman of a deed of trust given by her husband does not deprive her, or the minor children of decedent, when the estate is insolvent, of the right to have the proceeds of the sale of the property upon which the deed of trust was given applied to the payment of the widow's and children's allowance for a year's support.

**7.—Same—Priority of Claims—Year's Support.**

The allowance of a year's support for the widow and children creates a claim on the estate prior to all other claims save that of the vendor, or one subrogated to his rights, who expressly reserves a vendor's lien.

**8.—Same—Funeral Expenses—Last Sickness.**

The claim of one who agreed with the widow of deceased, while she was independent executrix of the will, to pay off certain indebtedness of the estate, including expenses of last sickness and funeral expenses, provided he should be subrogated to all the rights of the original owners or holders of such claims the

same as if the executrix had paid them herself, was properly approved, though not presented to the widow after she was appointed administratrix.

**9.—Same—Order of Probate Court—Res Adjudicata.**

Where no appeal is taken from the order of the Probate Court granting the allowance to the widow and children for a year's support, the order is res adjudicata, and its validity can not be questioned on appeal from an order giving it precedence over a mortgage lien.

**10.—Estates of Decedents—Sale.**

The fact that the widow of deceased, who was appointed administratrix, joined a claimant who held a deed of trust upon a certain tract of land, the only property of the estate, in his application to have the land sold, would not preclude her and her minor children from having the proceeds of the sale appropriated to the payment of the year's allowance.

Appeal from the District Court of Bexar. Tried below before the Hon. A. W. Seeligson.

*Leo Tarleton, J. M. Taylor* and *Ball & Ingram,* for appellant.— 1. The court erred in holding that the Probate Court had the power in the particular case and under the circumstances to appoint Fortunata Battaglia administratrix of the estate of Angelo Battaglia, deceased, because she had qualified and was acting as independent executrix and had neither resigned nor been removed as such; and also in holding that the Probate Court had the power to make its orders and decrees in which Fortunata Battaglia was appointed administratrix and in holding that the same could not be collaterally attacked, because said orders and decrees and said appointment were without authority in said Probate Court and were void. Rev. Stats., arts. 1925, 2030-2036, 1965, 1995; Runnels v. Runnels, 27 Texas, 516; Holmes v. Jones, 56 Texas, 41; McLane v. Belvin, 47 Texas, 493; Lumpkin v. Smith, 62 Texas, 249; Haby v. Fuos, 25 S. W. Rep., 1121; Sutherland v. Elmendorf et al., 57 S. W. Rep., 890; Nelson v. Lyster, 74 S. W. Rep., 54; Roy v. Whittaker, 92 Texas, 346; Schouler's Ex. and Admn., sec. 157; Griffith v. Frazier, 8 Cranch U. S. (L. Ed.), 471; The Am. Law of Admn. Woerner (2d ed.), secs. 286, 273.

2. The court erred in holding that the Probate Court had power at the time and under the circumstances to cancel the clause in the will which made her independent executrix, because the pleadings and the evidence show that there were no pleadings filed by her upon which to base the cancellation of said clause in the will and the court was without the authority to cancel said clause, and said cancellation was void. Dunlap v. Southerlin, 63 Texas, 38; 11 Enc. Plead. & Pract., p. 879.

3. The court erred in holding that the order granting Fortunata Battaglia and her children an allowance for a year's support could not be attacked upon trial of this case because said order granting said year's allowance was not a final judgment, and was open to attack by the appellant any time before the approval of her final account and discharge, and the attack upon the same by appellant was not a collateral attack. Estham v. Solis, 60 Texas, 576; Hensel v. Bldg. & L. Assn., 85 Texas, 215; Fossett v. McMahan, 86 Texas, 652; Richardson v. Kennedy, 74 Texas, 507; DeCordova v. Rogers, 75 S. W. Rep., 166; Hardcastle Est. v. Archer, 81 S. W. Rep., 368.

4.   The lien securing King's note was given by Angelo Battaglia and his wife, Fortunata Battaglia, duly acknowledged by him and acknowledged by her in the manner required by law in taking the acknowledgments of married women, therefore King's claim should be paid out of the proceeds of the property before the widow's allowance provided for in article 2037 Revised Statutes. Rev. Stats. art. 2053; Fulton v. Bank, 62 S. W. Rep., 84; Toulerton v. Mancke, 32 S. W. Rep., 238; Champion v. Shumate, 90 Texas, 597; Walker v. Patterson's Estate, 77 S. W. Rep., 437; Kaufman v. Susq. L. & B. Assn., 4 Atl. Rep., 20.

*Frank Bosshardt* and *James Routledge,* for appellees.—1. The County Court is one of general jurisdiction of all matters of probate, and had jurisdiction to appoint Fortunata Battaglia as independent executrix, and to thereafter cancel the clause in the will which appointed her as independent executrix, and to thereupon remove her as such, and to appoint her as executrix under orders of the court; and as said court cancelled said clause in the will which made her independent executrix, and removed her as such, and appointed her as executrix under orders of the court, and no appeal having been taken from said orders, and said executrix having acted under orders of the court for a long period of time, and King having recognized her as such, such orders of the court can not be collaterally attacked by said King, and must be held to be valid. Rev. Stats., art. 1992; Guilford v. Love, 49 Texas, 736; Saul v. Frame, 22 S. W. Rep., 984; Rendge v. Oliphant, 62 Texas, 686; Perry v. Blake, 23 S. W. Rep., 804; Willis v. Ferguson, 46 Texas, 502; Lyne v. Sanford, 19 S. W. Rep., 847; Alexander v. Barton, 71 S. W. Rep., 71.

2.   Where the Probate Court of Bexar County makes an order setting aside an allowance for a year's support to the widow and children of decedent out of the estate, and said order is not appealed from, the same becomes a final judgment and is res adjudicata. Hirshfield v. Brown, 30 S. W. Rep., 964; McLane v. Paschal, 47 Texas, 371; Shiflett v. Willis, 74 Texas, 252; Leaverton v. Leaverton, 40 Texas, 222.

3.   The acknowledgment by a married woman of a deed of trust given by her husband does not deprive her of the right to have said property described in said deed of trust applied to the payment of the widow's allowance for a year's support of herself after the death of her husband; nor does it prevent the minor children of said decedent, after the decease of their father, from having the proceeds of the sale of said property applied to the payment of the allowance made to them by the County Court for a year's support. These two propositions will be considered together. Rev. Stats., arts. 2037, 2038, 2039, 2040, 2043, 2044; Mabry v. Ward, 50 Texas, 404; McLane v. Paschal, 47 Texas, 365; Hoffmann v. Hoffmann, 15 S. W. Rep., 472; Barnes v. Scot. Am. Co., 68 S. W. Rep., 529; Almeyer v. Pope, 52 Texas, 292; 16 Texas, 475; 24 Texas, 299; 33 Texas, 49; 37 Texas, 22; 39 Texas, 313; 47 Texas, 360; 58 Texas, 214.

4.   Where after the death of a decedent, and before the qualification of his independent executrix, said executrix requested Angelo Battaglia

to discharge the debts of decedent, or obtain assignments of the same and agreed he should have all the rights of the original holders and he did so and acquired said debts and said judgment was subsequently ratified by Fortunata Battaglia when she became independent executrix and when she became administratrix under orders of the court; Angelo Battaglia was entitled to have said claim classified according to the respective classifications of the debts acquired by him. Clifford v. Campbell, 65 Texas, 245; Altgelt, Admr., v. Alamo National Bank, 79 S. W. Rep., 587; Tyler's Estate v. Tyler, 41 N. E. Rep., 965; Reinstein v. Smith, 65 Texas, 251; Price v. McIver, 25 Texas, 771; Lewis v. Nichols, 38 Texas, 61.

NEILL, ASSOCIATE JUSTICE.—This is a contest for classification and priority of claims and allowances approved, allowed and made in the County Court of Bexar County, Texas, against the estate of Angelo Battaglia, deceased, under administration in the said court. From the decree classifying and fixing the priority of such claims and allowances, Mr. King appealed to the District Court and from the judgment of that court postponing his claim in favor of the widow's and minor's allowance, and claims against the estate for funeral and expenses of last sickness of the deceased, and for attorney's fees incurred as cost in administering the estate, he has appealed to this court.

While the district judge prepared and filed at great length his conclusions of fact which are fully sustained by the record, and are approved by us, we deem it unnecessary to state them in extenso in this opinion. But we will only give so much of the facts pertinent to the issues involved, as we deem necessary to a decision of the case. They are as follows:

Angelo Battaglia died January 30, 1901, leaving a will in which he bequeathed all of his property to his wife Fortunata. By it she was appointed independent executrix of the estate without bond, independent of the control of the Probate Court. The will was probated on November 11, 1901, and she then qualified as independent executrix filing an inventory of the property of the estate.

On April 24, 1902, as independent executrix, she filed an application in the County Court praying that the form of administration of the estate be changed from independent to an administration by her of the estate under orders of the court, and asking that letters of administration be issued her with the will annexed. Due notice of this application was given in the manner and form required by law.

On May 17, 1902, the County Court of Bexar County, when sitting for probate purposes, upon hearing the application, decreed that the provision of the will directing that the estate be administered by Fortunata as executrix independent of the court be annulled, that the estate be administered under the orders of said court, and that letters testamentary with the will annexed be granted to her upon her taking the oath required by law.

On May 17, 1902, she fully qualified under the law as administratrix of the estate under said appointment, and has ever since that date been

acting and recognized by the court as administratrix of the estate with the will annexed.

On July 12, 1902, Fortunata filed an application, in the County Court in which she represented she was the wife and that there were three minor children of the deceased, who had no separate property, asking the court to fix for her and the three children a year's allowance for their support and maintenance.

This application was heard on August 1, 1902, and the court fixed the amount of the allowance for Fortunata, as widow of the decedent, at $500 and of the three minor children, John, Tena and Nette, at $500, and directed that the allowance be paid in course of administration. At the same time the court set apart to her and the minor children of deceased a vacant lot, upon which there was no house, situated in San Antonio, as a homestead. And on May 23, 1903, the court upon application of Fortunata, by an order, set aside to her and the minor children the household furniture and granted them an allowance in the sum of $400 in lieu of specific articles exempt by law, which were not found among the effects of deceased.

On January 16, 1902, appellant, C. E. R. King, presented his claim for $800, and interest, duly verified as required by law, to Fortunata Battaglia in her official capacity as independent executrix of the estate for allowance, which she allowed for that amount as a claim against said estate. This claim was simply allowed by her in her official capacity as independent executrix of the estate as a claim against the estate, and not against herself individually. On December 9, 1902, appellant, C. E. R. King, presented his claim for the sum of $800 (which is the same as the one just referred to) duly verified as required by law to Fortunata in her official capacity as administratrix of the estate of Angelo Battaglia, deceased, under orders of the County Court sitting in matters probate, for allowance as a claim against said estate, and on the same day, she, in her official capacity as such administratrix, allowed the sum as a claim against the estate for $800 with interest.

On December 17, 1902, appellant filed his said claim so allowed, in the County Court of Bexar County sitting in matters probate, and it was duly entered on the claim docket in said court, and, on January 15, 1903, approved by the court and allowed as a third class claim for $879.50, with interest thereon from said date until paid at 8 percent per annum. It being adjudged at the same time that the same was a deed of trust lien on 80 acres of land situated in Bexar County, Texas, which land was specifically described in the order. And the court further ordered "that said amount of money shall be paid so far as it can be out of such proportion of the proceeds of the sale of said property as may not be required for the payment of debts against the estate, which have a preference under the law over said lien or debt and should such proportion of said proceeds not be sufficient to pay said amount in full, the balance shall be paid in due course of administration."

On January 26, 1903, appellant King, filed an application in the County Court to have said 80 acres sold, and, on March 12, 1903, the administratrix joined in said application. On the 14th of that month

the County Court of Bexar County, sitting in probate matters, granted the application and ordered the sale of all the property belonging to the estate. Four different reports of sale of the land were filed by the administratrix in the court; Mr. King filed objections to the first three on the grounds of inadequacy of price, which objections were sustained, but the last report of sale was duly confirmed by the court on May 5, 1903, the 80 acres upon which Mr. King had the lien selling, as shown by the report, for $1,225 cash.

All the property of the estate, except the exempt property set apart to the widow and children, has been sold in due course of administration and the proceeds of the sales are in the hands of the administratrix. All claims have been filed against the estate that exist except court costs and expenses of administration. The estate is insolvent.

The total receipts of the administratrix from sales and rents of property belonging to the estate is $1,290. She has paid out for state and county taxes on the 80 acres upon which Mr. King had the lien, $33.50, has taken out of the $1,290 her commissions of 5 percent, and she now has on hand belonging to the estate $1,190.35 with accrued interest at the rate of 3 64-100 percent from May 6, 1903.

On April 8, 1903, the appellant C. E. R. King, filed a motion in the matter of the estate, asking that his claim for $879.50 and interest be declared by the court a prior lien on the proceeds of the sale of the 80 acres of land to the claim of the widow and children for an allowance for a year's support. On June 1, 1903, this motion was heard and overruled by the court.

Frank Bosshardt, an attorney at law, has represented Mrs. Battaglia, both as independent executrix and administratrix with the will annexed, in the Battaglia estate in all matters wherein the counsel and services of an attorney at law were required, and a reasonable and fair value of his services; which included the services of another attorney rendered the estate at his instance, are $125 with interest at 6 percent per annum from the 23d day of May, 1903, as found by the trial court.

After the death of Angelo Battaglia, his estate, as well as his widow and children, were without money, and his wife while acting as independent executrix of the estate agreed with deceased's son-in-law whose name is also Angelo Battaglia, that if he would pay off and discharge the expenses of deceased's last illness, being his doctor's and medical bills, and also his funeral expenses and the interest due on the mortgage debt against the 80 acres of land, certain taxes against the property, cost of publishing notice of appointment of administratrix, the cost of repairing a windmill on land belonging to the estate, cost of plumbing on a lot on Main avenue, the cost of a cemetery lot for the interment of deceased and filling the same in, that he should be subrogated to all the rights of the original owners or holders of such claims against the estate and have the same rights as though Fortunata Battaglia had paid the claims individually. The agreement was afterwards acknowledged and ratified in writing, executed by Fortunata as executrix of said estate on March 20, 1902. Such agreement was for the benefit of the estate and tended to save and preserve it from expenses, court costs and law

suits which would have ensued if the creditors had sued for their debts. In accordance with this agreement, Angelo Battaglia paid out for the estate the following sums of money on June 10, 1902, to the city of San Antonio for taxes due on property of the estate $20.87; to druggists for medicines used by deceased during his last sickness $15.50; to the Commercial Recorder Company for publishing the notice of the appointment of Mrs. Battaglia as executrix in a newspaper as required by law, the sum of $4; to Doctor Braunnagel for medical services rendered decedent during his last sickness $12; to Mrs. Wickes-Nease interest due upon the note on which appellant's claim is predicated, she being then the owner of the note, $32; and on October 12, 1901, to appellant as interest on said note $16, which note was secured by a mortgage lien or deed of trust on the 80 acres of land upon which appellant was adjudged by the County Court to have a lien to secure its payment. In addition to these items he paid, to repair a windmill upon a farm of 80 acres which was solely supplied with water by means of such mill, $5; for burial lot in which to inter deceased, $5, and for filling in and leveling said lot $10; for funeral expenses of the deceased $92.50, for connecting the property of the estate on Main Avenue by leaden pipes with a water main, which was necessary to the use of the property $18. All the amounts paid by Mr. Battaglia under said agreement, were fair and reasonable and his claim therefor was presented to the administratrix and approved by her on March 6, 1903.

Conclusions of Law.—1.    Appellant in his assignment of error, questions the authority of the County Court, after Fortunata Battaglia had qualified as independent executrix of the estate, and as such executrix had commenced to administer it, to set aside the provision in the will appointing her independent executrix and then to appoint her administratrix of the estate with the will annexed, so as to require an administration of the estate under the orders and control of such court. Under these assignments, he contends that the action of the court in doing so was void. We do not think he is in an attitude to insist upon the invalidity of such proceedings. Having presented his claim for allowance, and having had it entered upon the claim docket and approved by the court under such administration and, then, appealing from its action in postponing his claim in favor of those of appellees, he can have no standing in court as to this case, if his insistance is maintained. His very case is predicated upon the validity of the proceedings which he is now insisting upon as void. If his contention be maintained his case, necessarily, for the lack of anything to support it, falls to the ground. But we do not think such contention, however disastrous it might be to him in this case, can be maintained. In matters probate, the County Court is one of general jurisdiction, and, clearly, the matters questioned by appellant under these assignments were within the jurisdiction of said court. Its orders now complained of were not attacked in that court and can not be collaterally questioned here, nor their validity made a subject of inquiry upon this appeal. It is enough to say that they are not void. Whether they might have been avoided by direct attack, is not a question for consideration in this case.

2.    Appellant's assignments of error No. 5 to 10 inclusive, are all copied together in his brief, each immediately succeeding the other.   One complains of the trial court's third conclusion of law, another of its sixth, another of its seventh, another of its eighth, another of its ninth, another of the court's permitting appellees to introduce in evidence various orders, decrees, papers and instruments of the Probate Court over appellant's objections, and another of its admission of the testimony over appellant's objection of a certain witness.   The brief then states that these six assignments will be treated as propositions, together with two other propositions asserted under them.   It is only necessary to refer to the rules and decisions of this court to show that these assignments can not be considered.   (International & G. N. Ry. Co. v. True, 23 Texas Civ. App., 525, 57 S. W. Rep., 978; Peck v. Peck, 83 S. W. Rep., 257, 11 Texas Ct. Rep., 426; Neal v. G. H. & S. A. Ry. Co., 6 Texas Law Journal, 299, 11 Texas Ct. Rep., 395), and cases there cited. We will say however that what we have said in our first conclusion of law, disposes of the two independent propositions asserted under those assignments of error, as well as of the eleventh and twelfth assignments of error.

3.    The thirteenth, fourteenth and fifteenth assignments of error complain of the second conclusion of law found by the District Court which is as follows:   "That as the County Court of Bexar County, Texas, had jurisdiction of the estate of Angelo Battaglia, deceased, after it cancelled the clause of the will which made the administration of the estate independent of the court and removed the independent executrix and appointed her as executrix under orders of the court, therefore the orders entered by it and, particularly, the order making an allowance for a year's support to the widow and children of decedent, are valid orders and can not be collaterally attacked; and, as no appeal has been taken from such orders, and this court having only appellate jurisdiction over the Probate Court, the matter is res judicata and this court has no jurisdiction or power to inquire whether said allowance was either excessive in amount, or improvidently made or made at an improper time, and the objections to the amount and time of such allowance will not be considered."   There is no proposition under any of these assignments and it may be, as each raises a separate and distinct question, that under Galveston, H. & S. A. Ry. Co. v. Fales, 8 Texas Ct. Rep., 631, and Neal v. Railway Co., supra, they should not be considered.   We will say, however, that we fully concur with the trial court in each conclusion complained of by them.

4.    We deem the fourth conclusion of law which is complained of in appellant's sixteenth assignment of error, foreign to any issue in this case, and that the merits of the case are not affected by it one way or the other.   It is, therefore, unnecessary to consider whether the assignment is well taken or not.

5.    The seventeenth and eighteenth assignments of error complain of the court's fifth conclusion of law, which is as follows:   "That the said Fortunata Battaglia never at any time waived her right to her allowance for a year's support or consented in any manner that the

lien of C. E. R. King should be superior or prior to such right. That the approval of his claim by her was in her official capacity, and was so intended to be, and if it is not so legally expressed, then the omission was by mutual error and mistake and without consideration, and should be corrected so to read." The conclusion excepted to is one of fact rather than of law; and the grounds of exceptions are, in substance, that it is contrary to and unsupported by the evidence. Appellant's contention as to it is: That as the evidence shows Fortunata, long after the death of her husband, while acting as independent executrix of the estate, approved appellant's claim, she being the sole devisee, such approval was tantamount to a ratification of the claim by her as a feme sole and estopped her from afterwards claiming priority over such claim of a widow's allowance. The undisputed evidence shows that her approval of the claim was without any consideration inuring either to her or the minor children, that it was done by her, in her official capacity as independent executrix of the estate, without any intention of waiving any rights she or the minor children of her husband had of postponing any allowance or claim they might have against the estate, in favor of appellant. Besides, her act in approving the claim, even had it been by her as an individual, did not place appellant in any worse attitude than he was before.

The testimony, complained of in the next assignment, to the effect that her approval of the claim was not based on any consideration, and as to her intention in approving the same, was, we think, clearly admissible for the purpose of showing the character of the transaction, and not obnoxious to the objection urged against it.

6. We do not think that it was essential to the admission of the testimony referred to in the next preceding conclusion, for pleas of non est factum and want of consideration to have been filed by Mrs. Battaglia, as such testimony was pertinent to the issues involved without such pleas. Therefore, if it should be conceded that the court erred in permitting her to file such pleas after the testimony was concluded, such error was harmless.

7. The sixth conclusion of law of the trial court is as follows: "That the claim of Fortunata Battaglia as widow and Tina, John and Nette Battaglia as minor children of said deceased for the year's allowance for their support amounting to $1,000 with interest thereon at rate of 6 percent per annum from August 1, 1902, until paid, is prior to the claim of C. E. R. King and, the estate being insolvent, she is entitled to be paid prior to the claim of C. E. R. King out of the proceeds of the sale of the 80 acres of land upon which King has a lien to secure his claim. That the fact that said Fortunata Battaglia executed and acknowledged the deed of trust did not surrender or release her right to have the proceeds of the sale of the land first applied to an allowance for a year's support for herself, and that no act of either herself or her husband in signing or executing any instrument could affect or injure the right of said minor children to have an allowance for a year's support made to them out of the proceeds of the sale of said land prior to the payment of the lien of King thereon." It is com-

plained of upon the ground that the undisputed testimony shows the deed of trust securing appellant's claim, was signed, executed and acknowledged by decedent and his wife Fortunata, and that the acknowledgment of the wife was taken in the manner and form required of a married woman to a conveyance of her separate real estate. It is well settled that the acknowledgment, by a married woman, of a deed of trust given by her husband, does not deprive her of the right, when the estate is insolvent, or the minor children of the decedent, to have the proceeds of the sale of the property upon which the deed of trust was given applied to the payment of the widow's and children's allowance for a year's support after her husband's death. (Woolley v. Sullivan, 92 Texas, 28, and authorities cited.) This allowance creates a claim on the estate next in priority to those of the first class, and is superior and prior to all other claims save that of the vendor (or one who is subrogated to his rights), who expressly reserves a vendor's lien upon the claim to secure the payment of the purchase money therefor. (Art. 244, Rev. Stats.; Speer's Law of Married Women, secs. 367, 368, 372; Hoffman v. Hoffman, 79 Texas, 193; Toullerton v. Mahncke, 11 Texas Civ. App., 148, 32 S. W. Rep., 238; Herron's Texas Probate Guide, sec. 285.) This disposes of appellant's twenty-second, twenty-third and twenty-fourth assignments of error.

8. The objection urged against the court's ninth conclusion of law, in which the claim of Angelo Battaglia for $215.87 is approved and classified by the court, that this claim was not presented to the administratrix for allowance within the time required by law, can not, in view of our conclusions of fact regarding its history, be sustained. This claim arose under a contract between the claimant and Mrs. Battaglia while she was independent executrix of her husband's estate, and during that time Angelo Battaglia, in accordance with the contract, paid off and discharged certain indebtedness against the estate, including expenses of deceased's last sickness, his funeral and burial expenses, etc., as is fully shown by the conclusions of fact. For this reason it was not necessary for the claim to be presented to the administratrix for allowance. (Parks v. Lubbock, 50 S. W. Rep., 467; Moore v. Bryant, 10 Texas Civ. App., 135, 31 S. W. Rep., 223; Daniel v. Harvin, 31 S. W. Rep., 421.) None of the assignments complaining of the court's action in regard to this claim is well taken.

9. There is no appeal taken from the order of the Probate Court granting the allowance to the widow and children for a year's support. Therefore the order is *res judicata,* and its validity can not be questioned here. It would seem, however, under the peculiar facts of this case, that it was not necessary to the validity of the order that it should have been made within one year after deceased's death. (Maybry v. Ward, 50 Texas, 404.)

10. We can not perceive how the administratrix, joining appellant in the application to have the eighty acres of land, upon which he has a deed of trust, sold, would preclude her and the minor children from having the proceeds of the sale appropriated to the payment of the year's allowance, there being no other property from the proceeds of which the allowance could be satisfied.

11. Under the facts shown by our conclusions, we think the claim of Mr. Bosshardt was properly allowed, approved and classified. There is no error assigned requiring a reversal of the judgment; it is therefore affirmed.

*Affirmed.*

Writ of error refused.