**M. GARCIA GOMEZ & CHAMPION et al.**
**v. LONGORIA.**
No. 10716.

Court of Civil Appeals of Texas.
San Antonio.
June 26, 1940.

Rehearing Denied Aug. 7, 1940.

C. M. Wunderman, of Houston, and Abney & Whitelaw, of Brownsville, for appellants.

R. A. Dunkelberg, of Brownsville, for appellee.

MURRAY, Justice.

This cause originated in the County Court of Cameron County, Texas, in a probate proceeding therein pending styled In re Estate of Antonio Longoria, Deceased.

On November 22, 1937, Wm. D. Cleveland & Sons filed a petition in said probate proceeding seeking to require Leah Field Longoria, as administratrix of the estate, to file an exhibit of the condition of the estate.

On December 13, 1937, in pursuance to citation issued on the petition, Leah Field Longoria, as community administratrix of the estate of Antonio Longoria, deceased, filed an account and exhibit showing the condition of such estate. On December 21, 1937, Wm. D. Cleveland & Sons and M. Garcia Gomez & Champion, owners of valid and subsisting claims against the estate, filed their objections and exceptions to said exhibit and account.

On February 11, 1939, the Probate Court of Cameron County, Texas, in said cause entered its order approving said exhibit, from which order the above named creditors prosecuted an appeal to the District Court of Cameron County, 103d Judicial District, and on April 24, 1939, by order of that date, the District Court entered an order re-classifying one of the claims as contained in said exhibit, from a claim of the fourth class to one of the third class, and otherwise in all things approved the action of the Probate Court, from which order of the District Court Wm. D. Cleveland & Sons and M. Garcia Gomez & Champion have appealed to this Court.

The exhibit shows, among other things, that Leah Field Longoria, as surviving wife of Antonio Longoria, was allowed the sum of $3,125 for a year's maintenance for herself and her two minor children, and that she took the stock of goods and fixtures used in connection with a grocery store owned by the estate in lieu of the said sum of money. This was all provided for by order of the Probate Court, dated March 23, 1936.

After her husband's death Leah Field Longoria took over the management of the grocery store and continued to operate it. She paid herself a salary of $125 per month for her services in conducting the store.

Appellants contend that this salary of $125 per month was sufficient for

the support of Leah Field Longoria and her children, and that she should not have been allowed in addition thereto property of the value of $3,125 for the maintenance of herself and minor children. We do not sustain this contention. It will be borne in mind that this is not an appeal from the order making the allowance to the widow, but rather an appeal from an order approving the exhibit filed. The order granting the widow and her minor children a year's allowance was a final judgment and, not being appealed from, becomes res judicata and is not now subject to a collateral attack such as is here attempted by appellants. King v. Battaglia, 38 Tex.Civ.App. 28, 84 S.W. 839. Therefore, we cannot in this collateral proceeding consider whether or not there were facts existing which would have made it improper for the Probate Court to have entered the order making provision for the maintenance of the widow and minor children for one year next succeeding the death of the husband.

The judgment is affirmed.