T. S. BALLANCE, Administrator de bonis non with the Will annexed of the Estate of Samuel D. Jarvis, Deceased, Plaintiff-Appellant,

v.

UNITED STATES of America, Defendant-Appellee.

No. 15042.

United States Court of Appeals Seventh Circuit.

June 14, 1965.

Sheldon Lee, George W. Thompson, Chicago, Ill., Wilson & McIlvaine, Chicago, Ill., of counsel, for plaintiff-appellant.

Louis F. Oberdorfer, Asst. Atty. Gen., Tax Division, Loring W. Post, Attorney, Department of Justice, Washington, D. C., Edward R. Phelps, U. S. Atty., Springfield, Ill., Lee A. Jackson, Robert N. Anderson, Attorneys, Department of Justice, Washington, D. C., for appellee.

Before KNOCH, CASTLE and KILEY, Circuit Judges.

CASTLE, Circuit Judge.

The plaintiff-appellant Administrator, hereinafter referred to as the taxpayer, instituted this action in the District Court seeking a refund of federal estate tax allegedly overpaid. The District Court, after trial of the case without a jury, entered findings of fact, conclusions of law, and a judgment order denying the relief sought by the taxpayer insofar as it embraced any refund predicated on overpayment due to the disallowance of certain interest payments as deductions in the computation of the estate tax due on the estate of Samuel D. Jarvis, deceased. The taxpayer's appeal presents two contested issues. Whether interest accruing after death of the decedent on debts incurred by him in his lifetime, and interest on delayed payments of the federal estate tax on his estate, all of which interest was paid by his estate, is deductible under the provision of Section 812(b) (2) of the Internal Revenue Code of 1939, relating to administration expenses, in arriving at the value of the net estate for federal estate tax purposes. The District Court resolved these issues against the taxpayer.

The pertinent facts may be briefly stated. The decedent, Samuel D. Jarvis, died testate on July 31, 1953, a resident of Illinois. A federal estate tax return for his estate was filed October 31, 1954, showing a gross estate of $1,561,633. Subsequently the estate valuation was increased to $1,796,462, and on June 7, 1957, an estate tax deficiency of $69,529 with interest to that date was assessed. Various extensions of time to pay the estate tax assessment and interest due thereon were requested by the estate and granted by the District Director of Internal Revenue, the ground for such extensions being that it would impose undue hardship on the estate to make payments on the due dates because the greater part of the estate's assets consisted of leasehold and partnership interests in oil properties which could not readily be sold except at a sacrifice. The estate tax and interest was paid in installments and paid in full by December 23, 1960. Of the total amount paid $11,935 was attributable to the interest on the tax deficiency and $24,897 was attributable to the interest on the installment payment of the estate tax. In addition to the foregoing payments of interest on the delayed payment of estate tax the estate paid a total of $16,904 in interest on claims against the estate arising out of various debts incurred by

the decedent prior to his death, which interest all accrued after the date of decedent's death. Claims for refund were filed by the estate based upon the contention that the interest payments constituted deductible expenses of administration reducing the net value of the estate for federal estate tax purposes, thereby diminishing the tax, with the result that overpayment had been made. The disallowance of such claims was followed by the instant suit in which it is claimed that $36,447 of the interest paid on the estate tax and $6,913 of the interest paid on indebtedness of the decedent are additional expenses of administration which should be allowed as deductions [1] in computing the value of the taxable estate.

■ The taxpayer relies upon Section 812(b)(2) of the Internal Revenue Code of 1939 [2] to sustain his position. That section provides generally that such amounts for administration expenses as are allowed by the laws of the jurisdiction under which the estate is being administered (here Illinois) are deductible from the value of the gross estate in determining the value of the net estate for the purpose of the federal estate tax. But Section 812 must be read and harmonized with Sections 890 and 891 of the 1939 Code which are parts of the same statutory plan, and in our judgment the generality of Section 812 makes its provisions subservient to the specific provisions of Sections 890 and 891 which provide that where the time for payment is extended because of undue hardship, interest as therein imposed shall be collected "as a part of such amount" of the tax, with reference to the amount of tax as determined by the executor or administrator, and "as a part of the tax", with reference to any deficiency assessed. It would appear absurd to contend the estate tax itself is deductible as an expense of administration in arriving at the amount of such tax—and this apart from the exclusionary enumeration of "estate taxes" in Section 812, which reference embraces such estate taxes as may be imposed by other taxing jurisdictions. And, in view of the specific requirements of Sections 890 and 891 that the government be reimbursed by interest for the temporary period of loss of the use of the tax money during an extension after its payment is due, we perceive no basis for imputing to Congress a concomitant intent that the general provision relating to administration expenses was to afford an avenue through which the amount of the tax itself was to be reduced because of the interest exacted for the delay in its payment.

■■ In Bruning v. United States, 376 U.S. 358, 360, 84 S.Ct. 906, 908, 11 L.Ed.2d 772, it was succinctly observed:

"In most situations, interest is considered to be the cost of the use of the amounts owing a creditor and an incentive to prompt repayment and, thus, an integral part of a continuing debt. Interest on a tax debt would seem to fit that description."

The rationale of Bruning is applicable here. It is expressly provided that the interest be collected as a part of the tax. Such a mandate is inconsistent with the ultilization of such interest to partially defeat the amount of tax otherwise due.

---

1. Taxpayer makes no claim for the deduction of that portion of the interest paid which was listed in fiduciary income tax returns and which resulted in effective income tax deductions for the estate.

2. Insofar as here pertinent, Section 812 provides: "For the purpose of the tax the value of the net estate shall be determined * * * by deducting from the value of the gross estate—

* * * * * * *

"(b) Expenses, losses, indebtedness, and taxes. Such amounts—·

* * * * * * *

"(2) for administration expenses,

* * * * * * *

as are allowed by the laws of the jurisdiction, whether within, or without the United States, under which the estate is being administered, but not including any income taxes upon income received after the death of the decedent, or property taxes not accrued before his death, or any estate, succession, legacy, or inheritance taxes. * * *"

Certainly, that which was added was not intended to operate as a deduction. The general provisions of Section 812 must, in our opinion, give way to the obvious intent manifest in the specific provisions of Sections 890 and 891.

■ In view of the foregoing we deem it of no controlling import that Illinois has recognized the deductibility of the federal estate tax in determining the value of the "beneficial interest" transferred by death and subject to its inheritance tax—a tax levied by valuation on the right of succession to property or the beneficial interest therein (Kochersperger v. Drake, 167 Ill. 122, 47 N.E. 321,)—and in so doing has characterized the federal estate tax as "an expense or a charge against the estate of the decedent" resembling closely the old English probate duty "treated in England as an expense of administration." People v. Pasfield, 284 Ill. 450, 454, 120 N.E. 286, 288.[3] The specific provisions of Sections 890 and 891 of the 1939 Code serve to withdraw the matter from the ambit of the general language of Section 812 which otherwise measures administration expenses by the law of the local jurisdiction.

Insofar as Estate of Huntington v. Commissioner, (1937) 36 B.T.A. 698, 721–729,[4] relied upon by taxpayer, may be taken as indicating a contrary view we do not subscribe thereto. Moreover, in Huntington the interest expense, in the form of initial-issuance discount and pre-maturity redemption premiums on notes sold by the estate, was for monies borrowed with prior authorization of the probate court to pay other taxes and claims, in addition to the federal estate tax, and the factual situation there presented was such that it was found to be "manifest that the administration of this estate could not have been finally concluded while litigated claims in such large amounts were outstanding against the estate; and this conclusion applies to all of the expenses hereinafter allowed as deductions for administration expenses". 36 B.T.A. 698, 725. No comparable finding was made in the instant case nor would the record have supported such a finding. Here, according to the testimony adduced and the contention advanced by the taxpayer in argument, the interest producing delay in the payment of the tax was occasioned by the exercise of prudent business judgment in order to avoid any sacrificial sale of assets.

■ We conclude, on this phase of the case, that the District Court did not err in holding the taxpayer was not entitled to an expense of administration deduction for the interest on delayed payments of the federal estate tax.

We turn to consideration of the remaining issue—whether interest accruing after death of the decedent on debts incurred by him in his lifetime is deductible as an expense of administration —with the preliminary observation that although no compelling necessity of the type found to exist in Huntington, supra, required the delay in the payment of claims against the estate the government makes no claim that the payment of the post-death interest on these obligations was not a proper expenditure by the administrator. In fact, the government concedes that "interest accruing after the death of the decedent represents a liability of the estate rather than the decedent". But it relies upon the concept that the value of the estate of a decedent for purposes of the federal estate tax is determinable as of the date of his death, and that accordingly the situation must be appraised as it existed at that time. And it points to Treasury Regulations 105 (1939 Code), Section 81.32, as precluding the allowance of such interest as an "administration expense" deduction.

---

3. See also: People v. Northern Trust Company, 289 Ill. 457, 477, 124 N.E. 662; People v. McCormick, 327 Ill. 547, 561, 158 N.E. 861; First National Bank of Chicago v. Hart, 383 Ill. 489, 497, 50 N.E. 2d 461.

4. Acquiescence by Commissioner, 1938–1 Cum.Bull. 15.

In resolving this issue we are not confronted with the existence of provisions like Sections 890 and 891 which must be given the effect of withdrawing the subject matter from the scope of the general provisions of Section 812. And the definition of "administration expenses" in the treasury regulation as such expenses as are "necessarily" incurred in the administration of the estate cannot serve to override the statutory provision (Section 812) authorizing the deduction of "[s]uch amounts * * for administration expenses * * * as are allowed by the laws of the jurisdiction * * * under which the estate is being administered". Consequently, with respect to an expenditure representing post-death interest on a claim against the estate recourse must be had to Illinois law to ascertain whether, on the facts and circumstances involved, such payment properly constitutes an allowable expense of administration. Union Commerce Bank v. Commissioner of Internal Revenue, 6 Cir., 339 F.2d 163, 167–168.

Under Illinois law the costs attendant upon the administration of an estate are debts of the decedent only in the sense of constituting a necessary incident to the post-mortuary disposition of his property. In re Estate of Thurber, 311 Ill. 211, 215, 142 N.E. 493. The Illinois test as to the allowability of an expenditure as an expense of administration is set forth in Edwards v. Lane, 331 Ill. 442, 451, 163 N.E. 460, 463, as follows:

"Before an executor or administrator can be allowed credit for expenses of administration it must appear the expenditures were reasonably necessary for the benefit of the estate."

Of course, interest paid by a personal representative would not be an allowable expense of administration if the payment thereof resulted from the failure of the personal representative to pay off the claim as promptly as reasonably possible. Cf. Taylor v. Taylor, 154 Ill. App. 258, 260–262.

Where, as here, the record establishes that the postponement of the payment of claims, and the consequent incurrence of interest thereon, was for the benefit of the estate—to avoid a sale of assets at a sacrifice—the expenditure for such post-death interest is, under Illinois law, an allowable expense of administration. And the Illinois probate court so recognized by allowing the taxpayer credit therefor in his accounts as administrator. Consequently, the expenditures for such interest, as distinguished from the interest paid on the tax itself, and which did not result in effective deductions for income tax purposes,[5] are, in our opinion, a proper and allowable deduction for the purpose of arriving at the net value of the estate for federal estate tax purposes. The District Court erred in holding to the contrary.

The judgment order of the District Court is affirmed except insofar as it dismisses on the merits that portion of the plaintiff's complaint as pertains to the deduction of post-date-of-death interest paid by the estate on debts incurred by the decedent prior to his death, and except as it provides that the government recover all of its costs of action from the plaintiff; as to such excepted matters the judgment is reversed; and the cause is remanded to the District Court for such further proceedings as are consistent with the views herein expressed, and for reconsideration of the costs to be awarded against plaintiff and the allowance of only such costs as ultimately appear appropriate.

Neither plaintiff-appellant nor the defendant-appellee are allowed costs on this appeal.

Affirmed in part; reversed in part; and remanded.

5. Section 162(e) of the Internal Revenue Code of 1939 precludes double deductions.