ESTATE OF WILLIAM M. WHELESS, SR., DECEASED, W. M. WHELESS, JR., W. M. POWELL, JR., CO-INDEPENDENT EXECUTORS, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 10100–75.    Filed June 11, 1979.

*Glenn H. Johnson,* for the petitioners.
*William D. Peltz,* for the respondent.

OPINION

DRENNEN, *Judge:* Respondent determined a deficiency of $54,816.02 in petitioner's estate tax. The only issue presented in this case is whether interest paid by the executors which had accrued subsequent to the date of death on those debts contracted by the decedent which were not due and owing on or

before the date of death constitute deductible administration expenses within the meaning of section 2053(a)(2), I.R.C. 1954,[1] or are claims against his estate within the meaning of section 2053(a)(3), nondeductible through application of section 20.2053–4, Estate Tax Regs.

This case is presented to us on a fully stipulated record. The stipulation of facts, together with the exhibits attached thereto, are incorporated herein by reference. The stipulated facts are as follows.

William M. Wheless, Sr. (hereinafter referred to as decedent), died on September 5, 1971. At the time of his death his legal residence was Houston, Tex.

The petitioners herein, W. M. Wheless, Jr., and W. M. Powell, Jr., are the independent coexecutors of the Estate of William M. Wheless, Sr. At the time the petition was filed in this case their legal residence also was Houston, Tex.

On the estate tax return filed for the Estate of William M. Wheless, Sr., petitioners claimed a deduction of $150,000 under section 2053(a)(2) for "miscellaneous administration expenses in the nature of interest to carry estate debts until non-liquid assets can be sold and the selling expenses expected to be incurred in order to provide cash to pay debts, taxes and administration expenses estimated."[2]

When petitioners were appointed as independent executors, the decedent's debts and interest thereon became their obligation. From the date of death to August 1, 1977, the petitioners paid interest on debts created by decedent, and renewed by them, in the amount of $77,306.93 and paid interest on debts created by the decedent, and not renewed by the petitioners, in the amount of $224,076.36. Of this latter amount, $10,906.06 was accrued at the time of decedent's death. In addition, the petitioners have paid $4,701.33 in interest on deficiencies already assessed. All of the $77,306.93 of interest mentioned above is attributable to periods after the maturity date of the notes contracted by the decedent. Respondent agrees that such interest and the interest paid on previously assessed deficiencies ($82,008.26) to the extent not now or hereafter the subject of an

---

[1] All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.

[2] Actually, the amount of these expenses was $300,000, but it was reduced by one-half in accordance with Texas community property law.

election under section 642(g) to be deducted against the income of the estate, qualifies as an administration expense under section 2053(a)(2). Petitioners agree that the $10,906.06 of interest accrued at the time of decedent's death is not an allowable administration expense. That amount was deducted as a claim against the estate under section 2053(a)(3). The amount of interest paid by the estate to August 1, 1977, the deductibility of which is still at issue as a miscellaneous administration expense, is $213,170.30.[3]

Included in decedent's gross estate were U.S. Treasury bonds with a face amount of $200,000 which were redeemed for the payment of estate taxes and which were fully financed with a balance of the note to the lending institution as of the date of death, being $153,833.37. From the date of death to August 1, 1977, $62,827.33 of interest expense had been paid on that particular indebtedness, $60,327.44 of which represents interest on renewals of the obligation executed by the petitioners.

For purposes of this case, it may be accepted that the executors of the estate have to date sought to pay the liabilities of the estate as soon as possible consistent with their fiduciary duty to manage the estate in a prudent manner and to prevent waste. Liquid assets of the estate were promptly converted into cash and applied to the payment of taxes, claims against the estate, and expenses of the estate. Substantially all of the other assets of the estate consist of varying interests in undeveloped and essentially non-income-producing land in Harris and Fort Bend Counties, Tex., as well as an undivided interest in a long-term installment note receivable paying interest only for the first 10 years with principal and interest for the next 10 years. The executors have sold the estate's interest in a number of these tracts and have applied substantially all the proceeds to the payment of taxes and expenses of the estate. However, because of various impediments affecting the marketability of the land, the executors have not heretofore been able to sell the remaining assets of the estate except possibly at sacrificed prices which would have caused substantial financial loss to the estate.

---

[3]Although the amount of interest expense accruing from date of death to Aug. 1, 1977, and paid by the executors on the decedent's debts which were not renewed was $213,170.30, petitioners claimed a total of only $150,000 (the community one-half of $300,000) as a deduction for miscellaneous administration expenses. On brief, petitioners say the amount still in dispute in this proceeding is $67,991.74, which we assume is the $150,000 claimed, less the $82,008.26 now agreed to by respondent.

Therefore, due to the illiquid nature of decedent's estate, it was necessary and prudent on the part of the petitioners in their effort to preserve the estate that the debts incurred by the decedent be continued as contracted by the decedent or renewed. These debts required the payment of the interest set out above.

From the date of death to August 1, 1977, the petitioners paid U.S. estate taxes, Texas inheritance taxes, interest on indebtedness incurred by the petitioners, and interest on indebtedness incurred by the decedent, and principal payments on debts due as of the date of death or incurred by the executors since the date of death in the total amount of $942,457.79.

The petitioners are not beneficiaries of the decedent's estate and in the capacity of executor are responsible for satisfying the estate's various tax liabilities which, if not satisfied prior to termination of the estate, could subject them to personal liability.

On September 5, 1972, the petitioners timely filed an estate tax return for the decedent's estate with the Internal Revenue Service Center, Austin, Tex.[4] The return showed an estate tax liability (after crediting for State inheritance taxes of $24,872.35) of $220,602.01. The petitioners have made the following payments to the District Director, Austin, Tex., to be applied against the estate tax shown on the return and interest thereon:

| Date of payment | Tax | Interest | Total payment |
|---|---|---|---|
| June 5, 1972 | $202,134.62 | --- | $202,134.62 |
| Sept. 5, 1972 | 18,467.39 | $277.01 | 18,744.40 |
| Totals | 220,602.01 | 277.01 | 220,879.02 |

Subsequent to the filing of the estate tax return, respondent, on March 13, 1975, assessed an estate tax deficiency against the estate in the amount of $26,445.43 (after credit for State inheritance taxes of $4,180.69). This assessment was based on an agreed increase of $82,069.05 in the valuation of decedent's interest in a note receivable and certain real property and a reduction of certain claimed deductions of $704.22, neither of which is an issue in this case. With regard to the deficiency

---

[4] An extension of time to file this return had been requested and granted.

assessment, petitioners have made the following payment to the District Director:

| Date of payment | Tax | Interest | Total payment |
|---|---|---|---|
| Mar. 19, 1975......... | $26,445.43 | $4,424.32 | $30,869.75 |

On U.S. Fiduciary Income Tax Returns, Forms 1041, for the estate, petitioners have claimed deductions for interest expense as follows:

| Year ended Dec. 31— | Amount[l] |
|---|---|
| 1974......................................... | $52,273.82 |
| 1975......................................... | 51,741.61 |
| 1976......................................... | 75,639.55 |

Petitioners have not filed a statement provided for under section 642(g) waiving the above-listed amounts as deductions under sections 2053 or 2054.

On September 2, 1975, respondent issued a notice of deficiency, asserting a deficiency in Federal estate taxes of $54,816.02 (subject to reduction to $46,560.03 upon payment of additional State inheritance taxes of $8,255.99).

Respondent initially based the estate tax deficiency upon his assertion that the separate deduction as an administration expense under section 2053(a)(2) of post-death interest on pre-death obligations constitutes a double deduction. He has specifically abandoned this argument on brief. In his amended answer, respondent additionally asserted that post-death interest on pre-death obligations is in any event not deductible contending that it is not an administrative expense under section 2053(a)(2) but rather a claim against the estate under section 2053(a)(3), the deductibility of which is governed and precluded by section 20.2053–4, Estate Tax Regs.

In determining the value of the taxable estate, deductions from the value of the gross estate are permitted for such administration expenses and claims against the estate by section 2053(a)(2) and (a)(3), respectively, as are allowable by the laws of the jurisdiction under which the estate is being administered.[5]

---

[5]Sec. 2053(a) provides in relevant portion:

For purposes of the tax imposed by section 2001, the value of the taxable estate shall be determined by deducting from the value of the gross estate such amounts—

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

(2) for administration expenses

As set forth above, respondent has bifurcated the interest expenses on decedent's debts accruing subsequent to the date of death. Post-death interest accruing on decedent's debts which the executors have renewed has been allowed as a miscellaneous administration expense under section 2053(a)(2). However, post-death interest accruing on decedent's debts which were not due on the date of death and have not been renewed by the executors[6] has been disallowed on the theory that the underlying obligations are claims against the estate within the meaning of section 2053(a)(3). Therefore, post-death interest on these debts is nondeductible pursuant to section 20.2053-4, Estate Tax Regs., see *infra*. Petitioners contend that the interest constitutes a miscellaneous administration expense within the meaning of Texas law and under the circumstances of this case should be deductible as such from the gross estate pursuant to section 2053(a)(2).

The essence of the parties' respective positions is as follows. Respondent believes that payment by the executors of interest accruing subsequent to death on debts contracted by the decedent which are not due at date of death cannot be considered an expense of administering the estate because the underlying debts were not incurred by the executors for the benefit of the estate. Because the executors did not renew or renegotiate the instruments of indebtedness, respondent contends that the debts remained the decedent's personal obligations. Petitioners, however, contend that payment of the post-death interest at issue here constitutes an administration expense because the executors were unable to pay the outstanding principal on these debts without liquidating the bulk of the gross estate at sacrifice prices, thereby violating their fiduciary duties to the beneficiaries of the estate. Moreover, petitioners note that the decedent's debts became their obligations upon their appointment as executors whether or not the debts had matured.

Clearly, however, the threshold question is whether the

---

(3) for claims against the estate * * *

    *        *        *        *        *        *        *

as are allowable by the laws of the jurisdiction * * * under which the estate is being administered.

[6]Having not yet become due or having merely been extended by the executors.

interest at issue here may be considered an administration expense. As explained in section 20.2053–3(a), Estate Tax Regs.:

The amounts deductible from a decedent's gross estate as "administration expenses" * * * are limited to such expenses as are actually and necessarily incurred in the administration of the decedent's estate; that is, in the collection of assets, payment of debts, and distribution of property to the persons entitled to it. The expenses contemplated in the law are such only as attend the settlement of an estate and the transfer of the property of the estate to individual beneficiaries or to a trustee, * * *

In addition to the above prerequisites the expense must be allowable as an administration expense under local law. *Estate of Webster v. Commissioner*, 65 T.C. 968, 981 (1976).

We note that there is no suggestion in these requirements that the executor of an estate must have incurred the debt in order for the interest thereon to be deductible as an administrative expense. Nor does our research reveal any judicial decisions which hold to that effect. In the normal course of events, it undoubtedly is the executor who incurs the expenses necessary to administer and settle an estate. However, we believe that the economic circumstances of a particular estate may dictate the postponement by an executor of payment of a decedent's debts in order that the estate be administered and settled advantageously insofar as the beneficiaries of the estate are concerned. In such event we believe the interest accruing on such debts is "actually and necessarily incurred in the administration of the decedent's estate" just as is interest accruing on decedent's debts that become due and are renewed by the executors for the same reasons.

Two decisions which are supportive of this view are *Ballance v. United States*, 347 F.2d 419 (7th Cir. 1965), and *Estate of Webster v. Commissioner, supra.*

At issue in *Ballance v. United States, supra,* was the deductibility as administrative expenses of post-death interest on claims against the estate representing debts of the decedent contracted prior to his death. The Seventh Circuit allowed the deduction noting that interest incurred because the payment of claims had to be postponed in order to avoid the forced sale of the assets of the estate at sacrifice prices was considered a proper administration expense under local law.

In *Estate of Webster v. Commissioner, supra,* the decedent had borrowed money to purchase United States Treasury bonds,

3½'s of 11/15/98. At her death, the outstanding balance on the loans was approximately $3.5 million. The executors paid the interest which accrued subsequent to death and deducted the amounts as administration expenses on the Federal estate tax return. This Court allowed the deduction finding that the applicable conditions to deductibility as an administration expense were satisfied. Of particular relevance to this case is the Court's discussion of the condition that the expense be "necessarily incurred" at pages 981–982:

Decedent had made these loans before her death. When the executors were appointed, the debts and the interest thereon became their obligation. The record does not reveal whether, upon their appointment, the executors could have immediately retired the debt and stopped further running of interest, but even if they could have retired the debt, we see no requirement for them to do so. The unpaid balance on the loans was over $3.5 million at decedent's death. Considering the various items of major value in the estate * * * the executors would perhaps have lost money had they tried to raise such a great sum. We think it was eminently reasonable for them to pay the interest instead.

As might be expected, respondent argues that these two decisions are not controlling in this case. He attempts to distinguish *Ballance* by pointing out that the record in that case does not indicate whether the underlying debts had matured prior to the date of death. He argues further that *Estate of Webster* is wrongly decided and that, in any event, it is irrelevant because respondent did not contend as he does here that post-death interest on unmatured debts of the decedent must be categorized as a claim against the estate. These proposed distinctions are not convincing. Respondent acquiesced in *Estate of Todd v. Commissioner*, 57 T.C. 288 (1971) (1973–2 C.B. 4), which held that interest on loans contracted by the executor to raise cash in order to pay the liabilities of the estate were deductible because borrowing the money avoided the forced sale of assets at sacrifice prices and was thus beneficial to the estate. We find no reason why the payment of interest to extend debts incurred by the decedent for the same purpose is any less necessary and beneficial to the estate. Respondent cites no cases supporting his position.

Respondent relies almost entirely on the argument that because under section 20.2053–4, Estate Tax Regs.,[7] personal

---

[7] Sec. 20.2053–4, Estate Tax Regs., provides in part:

obligations of the decedent existing at the time of his death, whether or not then matured, are deductible as claims against the estate, the interest accruing thereon after death can only be a personal obligation of the decedent and cannot qualify as an administration expense. And of course post-death interest on a personal obligation of the decedent is specifically nondeductible under that section of the regulation.

Frankly, we find respondent's proposed syllogism is specious. The fact that personal obligations of the decedent existing at the time of death qualify as claims against the estate does not mean that interest accrued thereon after death, which under the regulation does not qualify as a claim against the estate, cannot qualify as an administration expense. The rules and reasons for qualification as administration expenses and claims against the estate are quite different.

Also, simply because the underlying obligations generating the interest at issue here were not renewed by the executors does not and cannot logically mean that the debts remain the decedent's personal obligations. The decedent obviously is in no position to pay them. Whether renewed by them or not, the executors become responsible upon their appointment for the payment of the debts of the decedent to the extent that the nonexempt assets of the estate are sufficient for them to do so. Furthermore, the executors determine whether to incur the interest after decedent's death or whether to liquidate the obligations and avoid the interest. The emphasis placed by respondent upon the phrase "personal obligations of the decedent" in section 20.2053–4, Estate Tax Regs., is not valid. The purpose for that phrase is to insure that only debts for which the decedent was liable personally be considered claims against the estate.

An argument somewhat similar to the argument made by respondent here, but admittedly involving different circumstances, was made by respondent in *Estate of Bahr v. Commissioner*, 68 T.C. 74 (1977), and was found unconvincing by this Court. In the majority opinion in that case we said (at p. 78):

---

"The amounts that may be deducted as claims against a decedent's estate are such only as represent personal obligations of the decedent existing at the time of his death, whether or not then matured, and interest thereon which had accrued at the time of death. Only interest accrued at the date of the decedent's death is allowable * * * "

Since 1937 we have held that expenses incurred to prevent financial loss to an estate resulting from forced sales of its assets in order to pay its estate taxes are deductible for estate tax purposes as administration expenses. * * *

citing *Estate of Huntington v. Commissioner*, 36 B.T.A. 698 (1937). The opinion also cited with approval *Estate of Todd v. Commissioner, supra,* and *Estate of Webster v. Commissioner, supra,* both discussed above. That issue in the *Webster* case is directly in point on the issue before us and is controlling provided the other conditions for qualification as an administration expense are met.

We do not mean to convey by our disagreement with respondent's theory that all interest accrued subsequent to death on the decedent's debts constitutes deductible administration expenses. The preconditions to categorization of this expense as an administration expense are of course applicable and must be satisfied within the framework of this particular case.

As previously noted, the expenses sought to be deducted as administration expenses must be actually and necessarily incurred in the administration of the estate and they must be allowable administration expenses under local law.

That the interest expense at issue was actually incurred by petitioners is a stipulated fact. Moreover, we are assured from the stipulated record that the interest payments were necessarily incurred in administering and settling decedent's estate. The estate, though solvent, did not have the cash to pay the decedent's debts. Some assets were sold to raise money but a forced sale of the balance of the assets would not have realized their fair market value. Consequently, the petitioners decided to pay the interest on the debts in lieu of a forced sale. The executors had responsibilities to the decedent's creditors and to the beneficiaries of his estate. In their judgment, these responsibilities could best be discharged by paying interest on the debts until such time as a sale at a fair price could be negotiated. We have no doubt that petitioners chose this course in order to settle the estate and pay off its creditors and at the same time preserve as much of the estate as possible for the beneficiaries. These circumstances are sufficient to satisfy the requirement that the expenses at issue be "necessarily incurred." Cf. discussion in *Estate of Webster v. Commissioner, supra* at 981–982, set forth above.

The final condition for allowance of the deduction as an

administration expense is that it would be so considered under the pertinent laws of Texas. Chapter 7, section 242 of the Texas Probate Code (Vernon 1956), provides that:

Personal representatives of estates shall also be entitled to all necessary and reasonable expenses incurred by them in the preservation, safe-keeping, and management of the estate, and in collecting or attempting to collect claims or debts, and in recovering or attempting to recover property to which the estate has a title or claim, and all reasonable attorney's fees, necessarily incurred in connection with the proceedings and management of such estate, on satisfactory proof to the court. * * *

Although we are unable to locate a decision by the Texas courts involving a situation similar to that of this case, we believe that the interest payments at issue here would be considered a proper administration expense. In *Estate of Todd v. Commissioner, supra,* this Court concluded that under Texas law interest incurred on funds borrowed by the estate to pay Federal estate and State inheritance taxes, rather than sell illiquid assets at a loss, was an allowable expense of administration of the estate. The Court cited *King v. Battaglia,* 38 Tex. Civ. App. 28, 84 S.W. 839 (1905), writ of error denied, where interest incurred during administration on a promissory note of decedent was treated as an allowable expense of administration. Respondent cites no authority to the contrary and in fact does not affirmatively argue that the interest here involved would not be allowed as an administration expense under Texas law.

It is clear from the stipulated facts that the executors have attempted to settle the estate and pay the decedent's debts in part by selling the decedent's interests in several tracts of land. However, the remaining assets were not readily marketable, and a forced sale would have resulted in substantial financial loss to the estate. Therefore, the costs of carrying the debts of the decedent were more reasonable than the costs of liquidating the estate and paying the debts in full. By administering the estate in this manner the executors were acting in the best interests of the beneficiaries with due regard to the interests of the creditors of the estate. Under these circumstances, we feel that the proper Texas court would agree with petitioners that the interest payments are "necessary and reasonably incurred by them in the preservation, safe-keeping, and management of the estate."

Consequently, respondent's disallowance of the interest payments as deductible administrative expenses is not upheld.[8]

*Decision will be entered under Rule 155.*

---

[8]We realize that petitioners must decide whether to deduct these expenses on the estate tax return or to deduct them from the fiduciary income tax returns. See sec. 1.642(g)–1, Income Tax Regs.