MARY R. (MATTHEWS) HOLT, EDGECOMBE BANKING AND TRUST COM-
    PANY, Co—EXECUTORS OF THE ESTATE OF D. G. MATTHEWS, JR. v. MARK G.
    LYNCH, SECRETARY OF REVENUE OF THE STATE OF NORTH CAROLINA

No. 812SC1031

(Filed 1 June 1982)

**Taxation § 27— interest on estate and inheritance taxes—not deductible as "cost
of administration"**

   Interest on late federal estate and North Carolina inheritance taxes are
   not deductible as "costs of administration" under G.S. § 105-9(8) since the
   preemptive coverage of interest on estate and inheritance taxes is under G.S.
   § 105-9(5) and G.S. § 105-241.1(il), and the combined effect of those statutes
   does not provide for the deductibility of federal estate or North Carolina in-
   heritance taxes.

   Judge BECTON concurring in part and dissenting in part.

APPEAL by plaintiffs from *Reid, Judge.* Judgment entered 26 June 1981 in Superior Court, MARTIN County. Heard in the Court of Appeals on 6 May 1982.

This appeal arises out of the plaintiff co-executors' action to recover a refund of State inheritance tax paid by the estate of D. G. Matthews, Jr., who died testate on 26 March 1976. The relevant facts, the truth of which was stipulated by all parties, are as follows:

The taxpayer, the estate of D. G. Matthews, Jr., was liable on the federal estate tax in the total principal amount of $1,016,981.05, and, according to returns filed in 1977 and 1979, was liable on the North Carolina inheritance tax in the principal amount of $406,206.61 (such amount including a late payment penalty). With respect to the federal estate tax, the taxpayer incurred in fiscal year 1979 an additional liability for interest in the total amount of $64,272.95; this interest was the sum of (1) the interest which accrued on a late payment of that portion of the taxpayer's principal estate tax liability which was not payable in installments, and (2) the interest which accrued in 1979 on the unpaid balance of the taxpayer's federal estate tax liability, such balance being payable at the taxpayer's election in ten annual installments pursuant to I.R.C. § 6166. With respect to the North Carolina inheritance tax, the taxpayer incurred an additional liability in 1979 for interest which accrued in fiscal year 1979 in the total amount of $16,726.20; this interest represents an amount incurred by the taxpayer's late payment of a portion of his principal State inheritance tax liability. The taxpayer also paid to D. G. Matthews & Son, Inc., in fiscal year 1979, interest in the amount of $13,728.04; this interest arose on certain loans made to the taxpayer by D. G. Matthews & Son, Inc., such funds being borrowed by the taxpayer to pay some of the outstanding estate and inheritance tax liability.

The total amount of interest paid by the taxpayer in 1979 was $94,879.65. Plaintiffs now seek to reduce the taxable value of the Matthews estate by the aforementioned amount of interest paid in 1979, claiming that such amount was a deductible cost of administration of the estate; plaintiffs further claim that upon such reduction, they will be entitled to a refund of inheritance tax previously overpaid, in the amount of $6,710.94. Finally, the parties have stipulated the following with respect to the interest payments at issue:

> For purposes of accepting the annual and final accounts of the Estate of D. G. Matthews, Jr., pursuant to N.C.G.S. §§ 28A-21-1 and 28A-21-2, the Clerk of Superior Court of Martin County, acting in her capacity as Judge of the Probate Court, has audited and approved the distribution and expenditure of the taxpayer's (estate's) assets, including the interest expense incurred by the taxpayer in deferring pay-

ment of estate and inheritance taxes as stated herein and in borrowing funds from D. G. Matthews & Son, Inc. during 1979. By such audit and approval, the Clerk has accepted such expenses as being reasonably necessary for the benefit of the estate.

From summary judgment for defendant dismissing plaintiffs' claim, plaintiffs appealed.

*Auley M. Crouch, III, and Jeff D. Batts, for plaintiff appellants.*

*Attorney General Rufus L. Edmisten, by Assistant Attorney General George W. Boylan, for the defendant appellee.*

HEDRICK, Judge.

We note at the outset that plaintiffs are claiming as deductions, in calculating the State inheritance tax, the following interest expenditures: (1) interest paid on the estate's federal estate tax liability; (2) interest paid on the State inheritance tax liability; and (3) interest paid on money borrowed to pay the federal estate and State inheritance taxes; plaintiffs seek to deduct these expenditures as "costs of administration" of the estate. At oral argument, both parties agreed that, for the purposes of their deductibility in calculating State inheritance tax liability, there is no distinction in the treatment of the three kinds of interest expenditures at issue. We agree with the "all or nothing at all" theory of the parties, i.e. if any one of the kinds of interest at issue is deductible as a "cost of administration," then they all are, but if any one is not, none is.

With respect to the interest paid on the estate and inheritance taxes, the following statutes, each appearing within the same Subchapter, are relevant:

In determining the clear market value of property taxed under this Article, or schedule [which is entitled "Inheritance Tax"], the following deductions, and no others shall be allowed:

. . .

(5) Estate and inheritance taxes paid to other states, and death duties paid to foreign countries.

. . .

(8) Costs of administration, including reasonable attorneys' fees.

G.S. § 105-9;

"Tax" . . . for the purposes of this Subchapter . . . include[s] penalties and interest, as well as the principal amount of such tax . . . .

G.S. § 105-241.1(il).

Under plaintiffs' argument, interest on late federal estate and North Carolina inheritance taxes would be deductible as costs of administration; by an extension of reasoning, interest on late estate and inheritance taxes paid to other states would also be deductible under the "costs of administration" provision, since such interest expenses paid to other states are qualitatively similar to interest paid on federal estate and North Carolina inheritance taxes. Hence, plaintiffs' rationale leads to the conclusion that if the deductibility of "costs of administration" were revoked by the legislature, interest on liability for other state's inheritance and estate taxes would be nondeductible. Upon such a revocation, however, such interest would still be deductible, since the deductibility of the estate's liability for other state's estate and inheritance taxes also includes, by virtue of G.S. § 105-241.1(il), the interest thereon. The deductibility of interest on estate and inheritance taxes, therefore, must arise out of the combined effect of G.S. § 105-9(5) and G.S. § 105-241.1(il). Further-more, the principle that "words of a statute are not to be deemed merely redundant if they can reasonably be construed to add something to the statute which is in harmony with its purpose," *see Schofield v. Great Atlantic & Pacific Tea Co.*, 299 N.C. 582, 590, 264 S.E. 2d 56, 62 (1980), would be violated if G.S. § 105-9(5) and G.S. § 105-241.1(il) provided for a deduction which already ex-isted under G.S. § 105-9(8). Hence, the required non-redundant construction of G.S. § 105-9 is that the deductibility of interest on estate and inheritance taxes arises out of *and only out of* G.S. § 105-9(5) and G.S § 105-241.1(il), and not out of G.S. § 105-9(8). G.S. § 105-9(5), however, does not provide for the deductibility of federal estate or North Carolina inheritance taxes, and, hence, for the deductibility of the interest thereon. Federal estate taxes and

presumably the interest thereon, were deductible under the former N.C. Gen. Stat. § 105-9(e) (1950), but such deductibility was repealed in 1957 N.C. Sess. Laws Ch. 1340, § 1 and is still not permitted under the present G.S. § 105-9(5). G.S. § 105-9(5) also does not allow the deductibility of North Carolina inheritance taxes, and, hence, of the interest thereon. The statutory scheme of G.S. § 105-9 does not permit the plaintiffs to deduct the interest on the federal estate and North Carolina inheritance tax liabilities.

Plaintiffs have argued that it is stipulated that the interest on those liabilities was incurred in their execution of their duties under G.S. § 28A-13-2 to settle the decedent's estate with as little sacrifice of the estate's value as is reasonable under the circumstances, and, hence, that such interest should be deductible as "costs of administration" under G.S. § 105-9(8). As discussed above, however, G.S. § 105-9(8) is unavailing for plaintiffs' interest owed on the federal estate and North Carolina inheritance taxes, because of the preemptive coverage of interest on estate and inheritance taxes under G.S. § 105-9(5) and G.S. § 105-241.1(il). This bar on deductibility based on statutory construction, however, is not applicable to interest which accrued on something other than estate and inheritance tax liability, to wit, on funds borrowed to pay such taxes. Plaintiffs could argue that such interest, which also was incurred as "being reasonably necessary for the benefit of the estate," could hardly fail to be characterized, given ordinary understandings of language, as a "cost of administration." The parties, however, have agreed that each kind of interest payment at issue should receive identical treatment in terms of their deductibility, and, hence, the interest on borrowed funds is also not deductible as a cost of administration.

Since this case presented only a question of law arising on undisputed facts, and the law has been resolved in favor of defendant, the court's granting of summary judgment for defendant is

Affirmed.

Judge HILL concurs.

Judge BECTON concurs in part and dissents in part.

Judge BECTON, concurring in part and dissenting in part.

I concur in the majority's analysis relating to interest paid on the federal estate tax liability and the State inheritance tax liability. From the majority's resolution of the issue relating to interest expense on funds borrowed to pay estate and inheritance taxes, I dissent.

Plaintiff's assertion that it was "reasonably necessary for the benefit of the estate" to borrow money to pay taxes and plaintiff's argument that the interest paid on money borrowed to pay the federal estate and State inheritance taxes are compelling. I do not agree with the "all or nothing at all" theory (ante, p. 3); no statute cited by the majority mandates such a result. The fact that the parties "have agreed that each kind of interest payment at issue should receive identical treatment . . . [and that] the interest on borrowed funds is also not deductible as a cost of administration" (ante, p. 6) is not controlling. In my view, summary judgment should not have been granted on the issue of whether the interest expense on borrowed funds is deductible as a cost of administration.