MARY R. (MATTHEWS) HOLT, EDGECOMBE BANKING AND TRUST COMPANY, CO-EXECUTORS OF THE ESTATE OF D. G. MATTHEWS, JR. v. MARK G. LYNCH, SECRETARY OF REVENUE OF THE STATE OF NORTH CAROLINA

No. 411A82

(Filed 7 December 1982)

1. **Taxation § 27— interest on funds borrowed to satisfy estate and inheritance tax liabilities—deductible as cost of administration**

    Plaintiffs' decision to borrow funds with which to pay federal estate and state inheritance taxes due on the decedent's estate was authorized under G.S. §§ 28A-13-2 & -3, and interest expenses incurred as the result of borrowing funds may be properly deductible as a cost of administration pursuant to G.S. § 105-9(8).

2. **Taxation § 27— interest on estate and inheritance taxes—deductible as cost of administration**

    The interest paid on the actual tax liabilities for federal estate and state inheritance taxes is properly deductible as a cost of administration since G.S. § 105-241.1(i1) must necessarily extend to the laws of inheritance tax, and interest paid or accrued does not become part of the tax assessed and is an allowable deduction.

PLAINTIFFS appeal from a decision of the Court of Appeals, one judge dissenting in part, which affirmed the granting of summary judgment in favor of the defendant, entered 26 June 1981 in Superior Court, MARTIN County, by *Reid, J.*

The sole question presented for our review is whether interest paid with respect to federal estate tax deficiencies and deferred installment of federal estate tax, state inheritance tax deficiencies, and moneys borrowed to pay estate and inheritance tax deficiencies is deductible as costs of administration under G.S. § 105-9(8). We answer in the affirmative.

The facts are not in dispute: On 6 August 1980 plaintiffs instituted a civil action against the defendant seeking to recover a refund of inheritance tax previously paid in the amount of $6,710.94, computed by deducting from the decedent's gross estate, as a cost of administration, the amount of $94,879.65 paid as interest. The defendant answered, denying that the taxpayer was entitled to the refund; denying that the $94,879.65 paid as interest in 1979 constituted an expense of administration of the estate; and denying that the same should be allowed as a deduc-

tion from the gross estate under G.S. § 105-9(8). Both parties moved for summary judgment. At a hearing on the motions, the following were stipulated as facts:

1. Plaintiffs are the duly qualified Co-executors of the Estate of D. G. Matthews, Jr., who died testate on March 26, 1976, the will of D. G. Matthews, Jr. having been admitted to probate before the Clerk of Superior Court, Martin County, North Carolina.

2. The taxpayer is the Estate of D. G. Matthews, Jr., having its residence in Martin County, North Carolina.

3. The Defendant is an adult citizen and resident of Wake County, North Carolina, is duly appointed and is acting as Secretary of Revenue of the State of North Carolina.

. . . .

16. For purposes of accepting the annual and final accounts of the Estate of D. G. Matthews, Jr., pursuant to N.C.G.S. §§ 28A-21-1 and 28A-21-2, the Clerk of Superior Court of Martin County, acting in her capacity as Judge of the Probate Court, has audited and approved the distribution and expenditure of the taxpayer's (estate's) assets, including the interest expense incurred by the taxpayer in deferring payment of estate and inheritance taxes as stated herein and in borrowing funds from D. G. Matthews & Son, Inc. during 1979. By such audit and approval, the Clerk has accepted such expenses as being reasonably necessary for the benefit of the estate.

17. Since the promulgation of Section 6166 of the Internal Revenue Code, it has become a customary practice of executors of estates in North Carolina, acting in their fiduciary capacities, to obtain deferrals for payment of federal estate taxes under Section 6166 when it is in the best interest of the estate and its beneficiaries to do so.

. . . .

21. The Plaintiffs were empowered by the will of D. G. Matthews, Jr. to borrow money on behalf of the estate according to the provisions of G.S. § 32-27(12), which provisions were incorporated by reference in said will.

. . . .

23. The taxpayer paid $94,879.65 in fiscal year 1979 as interest comprised as follows: $40, 515.86 as interest in the Federal Estate Tax deficiency; $16,726.20 as interest on the amended North Carolina Inheritance Tax Return; $23,757.09 as [interest on] Section 6166 installment; and $13,728.04 as interest on the amounts borrowed from D. G. Matthews & Son, Inc.

24. On or about March 22, 1980, Plaintiffs, within three (3) years of the due date of the return (April 26, 1977), applied to the Defendant for the refund of inheritance tax overpaid by the taxpayer in the amount of $6,710.94, with all interest due thereon. Such application and claim was timely filed.

25. On or about May 12, 1980, the Defendant notified the Plaintiffs, through their attorney, of his decision denying Plaintiffs' application for refund.

*Rufus L. Edmisten, Attorney General, by George W. Boylan, Assistant Attorney General, for defendant-appellee.*

*Burney, Burney, Barefoot & Bain, by Auley M. Crouch III, and Jeff D. Batts, for plaintiff-appellants.*

MEYER, Justice.

The trial court, in denying plaintiffs' motion for summary judgment, essentially concluded as a matter of law that interest expenses incurred by the taxpayer on federal estate tax and state inheritance tax liabilities or on funds borrowed to pay these taxes were not deductible from the gross estate as a cost of administration. The Court of Appeals, in construing G.S. § 105-9, agreed that plaintiffs were not permitted to deduct the interest on federal estate and North Carolina inheritance tax liabilities. The opinion further stated that

[t]his bar on deductibility based on statutory construction, however, is not applicable to interest which accrued on something other than estate and inheritance tax liability, to wit, on funds borrowed to pay such taxes. Plaintiffs could argue that such interest, which also was incurred as 'being reasonably necessary for the benefit of the estate,' could

hardly fail to be characterized, given ordinary understand-
ings of the language, as a 'cost of administration.' *The
parties, however, have agreed that each kind of interest pay-
ment at issue should receive identical treatment in terms of
their [sic] deductibility, and, hence, the interest on borrowed
funds is also not deductible as a cost of administration.*

*Holt v. Lynch,* 57 N.C. App. 532, 536, 291 S.E. 2d 920, 923 (1982)
(emphasis added).

Judge Becton concurred in the majority's analysis relating to
the interest paid on the federal estate tax and state inheritance
tax liability. He dissented to that portion of the opinion denying
the deduction of interest on borrowed money, believing that the
parties' reliance on an "all or nothing" theory was not controlling.

[1] We first address the question of interest on funds borrowed
to satisfy federal estate and state inheritance tax liabilities. We
disagree with the decision of the Court of Appeals and hold that
interest expenses incurred as a result of borrowing funds to
satisfy federal estate and state inheritance tax liabilities may be
deducted from a decedent's gross estate as a cost of administra-
tion pursuant to G.S. § 105-9(8). We find no statute which would
prohibit such a deduction. Indeed, a reading of G.S. §§ 28A-13-2
and -3 appears to authorize a fiduciary to incur such costs when
necessary for the proper administration and preservation of the
estate.

G.S. § 28A-13-2 provides that:

A personal representative is a fiduciary who, in addition to
the specific duties stated in this Chapter, is under a general
duty to settle the estate of his decedent as expeditiously and
with as little sacrifice of value as is reasonable under all of
the circumstances. He shall use the authority and powers
conferred upon him by this Chapter, by the terms of the will
under which he is acting, by any order of court in pro-
ceedings to which he is party, and by the rules generally ap-
plicable to fiduciaries, for the best interests of all persons
interested in the estate, and with due regard for their respec-
tive rights.

Under G.S. § 28A-13-3 a personal representative has the
power

(12) To borrow money for such periods of time and upon such terms and conditions . . . as the personal representative shall deem advisable . . . for the purpose of paying debts, taxes, and other claims against the estate . . . .

. . . .

(16) To pay taxes, assessments, his own compensation, and other expenses incident to the collection, care, administration and protection of the assets of the estate in his possession, custody or control.

From these provisions we conclude that plaintiffs' decision to borrow funds with which to pay federal estate and state inheritance taxes due on the decedent's estate was authorized under G.S. §§ 28A-13-2 and -3, and hold that interest expenses incurred as a result of borrowing funds may be properly deductible as a cost of administration pursuant to G.S. § 105-9(8). *See Estate of Jane deP. Webster,* 65 T.C. 968 (1976); *Estate of James S. Todd, Jr.,* 57 T.C. 288 (1971). As the Clerk of Superior Court of Martin County, acting in her capacity as Judge of the Probate Court, approved the expenses as being reasonably necessary for the benefit of the estate, the amount so designated is properly deductible.

[2] We turn next to plaintiffs' contention that the interest paid on the actual tax liabilities for federal estate and state inheritance taxes is properly deductible as a cost of administration. Defendant Revenue Commissioner's position, adopted by the Court of Appeals, is as follows:

1. Interest on a tax is a tax pursuant to G.S. § 105-241.1(i1):

"Tax" and "additional tax," for the purposes of this Subchapter and for the purposes of Subchapters V and VIII of this Chapter, include penalties and interest, as well as the principal amount of such tax or additional tax.

2. G.S. § 105-9 allows no deduction of estate and inheritance taxes from the gross estate of a decedent other than "*taxes* paid to other states, and death duties paid to foreign countries." G.S. § 105-9(5) (emphasis added).

3. Thus the interest on estate and inheritance taxes are not properly deductible under G.S. § 105-9(8) as costs of administra-

tion, because to allow them would erode the clear intent of G.S. § 105-9(5).

To adopt the Commissioner's reasoning, we must accept his underlying assumption that interest on a tax is a tax for purposes of determining its non-deductibility under G.S. § 105-9. It is this underlying assumption that we now reject. In so doing, we look to our own tax statutes as well as to federal tax statutes and case law.

Both our inheritance tax statutes and our individual income tax statutes fall within Subchapter I of G.S. Ch. 105. Thus, the definition of "tax" found in § 105-241.1(i1) applies to both taxing schemes. G.S. § 105-147(5) allows as a deduction in computing net income "[a]ll *interest* paid during the income year on the indebtedness of the taxpayer except interest paid or accrued in connection with the ownership of property, the income from which is not taxable under this Division." (Emphasis added.) At least for individual income tax purposes, it seems clear that interest is not viewed as a tax, but something other than a tax. In order to adopt defendant's definition of "tax" to include interest for purposes of the inheritance tax statutes, it would be necessary to bifurcate the definition of "tax" in G.S. § 105-241.1(i1), applying one definition for income tax and another for inheritance tax. We do not deem such bifurcation necessary or advisable.

G.S. § 105-241.1(i1) falls under Subchapter I, Article 9, Schedule J, which is entitled "General Administration; Penalties and Remedies," suggesting that this statutory definition of tax which includes interest is for administrative purposes only, and that interest itself is substantively something different and apart from the tax. Moreover, a close reading of G.S. § 105-241.1(i1), in the context of our overall tax scheme, including the provisions of Subchapters V and VIII yields the inevitable conclusion that it is only for purposes of assessment, collection and payment that interest should be treated in the same manner as taxes. Thus, although collected as part of the tax, interest paid on an estate or inheritance tax deficiency is not part of the tax, but something in addition to the tax. *See Penrose v. United States*, 18 F. Supp. 413 (E.D. Penn. 1937); *Estate of Bahr v. Commissioner*, 68 T.C. 74 (1977).

On this issue we find the reasoning in *Bahr*, if not controlling, particularly persuasive. As does the defendant in the case *sub judice*, the Commissioner in *Bahr* argued that the deduction of interest should be disallowed and reasoned as follows:

1. To be deductible for estate tax purposes, the deduction for interest must be claimed under the general provisions allowing administration expenses.

2. Similar to the limitation in G.S. § 105-9(5), the federal law disallowed the deductibility of taxes as a cost of administration.

3. "[I]nterest on tax is procedurally assessed, collected, and paid in the same manner as tax pursuant to section 6601(e)(1)." *Id.* at 78.

4. The Commissioner attempted to distinguish deductibility for income tax purposes "because section 163 is specific and is not burdened with any prohibition against deducting taxes." *Id.*

Under federal tax law, interest on the deficiency of federal income taxes is an allowable deduction under section 163 of the Internal Revenue Code which, like G.S. § 105-147(5), allows as a deduction all interest paid or accrued within the taxable year on indebtedness. *See* Rev. Rul. 70-560, 1970-2 C.B. 37. Likewise, interest on the deficiency in State income tax is an allowable deduction under G.S. § 105-147(5) for purposes of a state income tax return. Inasmuch as the definition of "tax" in G.S. § 105-241.1(i1), and therefore the construction we have placed upon it, specifically applies to the subchapter dealing with our state inheritance taxes, we hold, as did the tax court in *Bahr*, that "interest on tax, although administratively treated as tax for assessment, collection and payment purposes, remains substantively interest paid for the use of money and is deductible." *Id.* at 83.

In so holding that interest on a tax is not a tax, but something in addition to the tax, we are no longer bound by the limitations imposed by G.S. § 105-9(5) which permits as a deduction from a decedent's gross estate only inheritance and estate *taxes* paid to other states. We must nevertheless determine whether such interest resulting from estate and inheritance tax liability is properly includable as a cost of administration.

Again we turn for guidance to the well-reasoned opinion in *Bahr*. We have today held, as the tax court in *Bahr* was bound to

do under prior federal tax law, that interest incurred upon money borrowed to pay federal estate and state inheritance taxes is allowable as an administration expense. The tax court rejected, as we now do, the Commissioner's argument that there was a distinction between interest paid on a debt created to pay the taxes and interest paid on the tax itself. To deny a deduction merely because the government is the lending party "has the practical effect of treating such interest in the same manner as a penalty if the estate does not have sufficient taxable income to benefit from deducting the interest paid on its income tax returns. It has been repeatedly held that interest in the tax law, as elsewhere, is merely the cost of the use of money and is not a penalty." *Id.* at 82.

In answer to the Commissioner's final argument that Congress did not intend that the general provision relating to administration expenses should be a vehicle to reduce taxes through the deductibility of interest, the tax court in *Bahr* stated:

> We fail to see the significance of the fact that the interest, if deductible, would reduce the taxable estate and thus the ultimate amount of estate tax paid. The result is the same when interest is paid to a private lender . . . A deductible administration expense, by definition, reduces the taxable estate. To deny an administration expense deduction upon the mere basis that it would otherwise reduce the amount of estate taxes paid would result in the disallowance of all administration expenses.

*Id.* at 82.

Our holding today reflects what we consider to be the more reasoned approach to two potential inconsistencies raised by the defendant. First, our construction of G.S. § 105-241.1(i1), if it is to be in conformity with the accepted definition of interest in the area of income taxes, must necessarily extend to the law of inheritance tax; that is, interest paid or accrued does not become part of the tax assessed and is an allowable deduction. Secondly, we fail to perceive any justification for finding a distinction in the treatment of interest paid on money borrowed to satisfy a tax debt, and interest paid on the debt itself.

The Court of Appeals erred in affirming summary judgment for the defendant. The plaintiffs' motion for summary judgment

State v. Tate

should be allowed. The decision of the Court of Appeals is reversed and the cause is remanded to that court for further remand to the Superior Court, Martin County, for entry of summary judgment for the plaintiffs.

Reversed and remanded.