**CLEVELAND BANK AND TRUST COMPANY, Executor of the Will of M.C. Headrick, Appellee,**

v.

**Martha B. OLSEN, Commissioner of Revenue, State of Tennessee, Appellant.**

Supreme Court of Tennessee.

Dec. 10, 1984.

Gregory L. Nelson, Asst. Atty. Gen., William M. Leech, Jr., Atty. Gen. & Reporter, Nashville, for appellant.

Robert L. McMurray, Bell, Painter, McMurray, Callaway, Brown & Headrick, Cleveland, for appellee.

## OPINION

FONES, Justice.

Plaintiff, Cleveland Bank and Trust Company, initiated this action seeking a refund of inheritance and estate taxes that were assessed by the Commissioner of Revenue and paid under protest by the plaintiff. The Commissioner denied a deduction as an administrative expense of interest paid on Tennessee inheritance tax, on federal estate tax, and on certain debts incurred by decedent, prior to death. The Commissioner also subjected to inheritance taxation a $10,000 gift tax exclusion to Class A beneficiaries, which plaintiff sought to exempt from the inheritance tax pursuant to T.C.A. § 67–8–304(3) [formerly T.C.A. § 30–1602(c)]. The Commissioner, however, has now conceded that the inclusion of the $10,000 gift tax exemption was erroneous.

On cross-motions for summary judgment, the trial court granted plaintiff's motion and ordered the Commissioner to refund the amount of the disputed tax. The Commissioner then perfected this appeal to the Supreme Court pursuant to T.C.A. § 16–4–108.

Cleveland Bank & Trust Company is the successor executor of the will of M.C. Headrick, who died on October 12, 1979. Although decedent's gross estate was valued at $2,020,000, the assets were not liquid and were comprised primarily of real estate and closely held business entities that owned real estate. The cash assets that were available to the executor totaled approximately $35,600. The immediate sale of the realty was not a practical nor feasible alternative for the executor because the market for the type of realty owned by the estate was depressed.

In order to fund the cash requirements that were necessary to pay the decedent's debts, administration expenses, and death taxes (a total of approximately $1,000,000), as well as fund a $200,000 trust for decedent's widow, the executor continued decedent's real estate operations even though this entailed periodic borrowings to pay the interest, debts and taxes. To further alleviate the estate's cash flow problems, the executor paid the death taxes in installments plus interest. All of the executor's actions had been expressly authorized by the incorporation of T.C.A. § 35–50–110 [formerly T.C.A. § 35–618] into the testator's will.

The Commissioner asserts that interest paid on Tennessee inheritance taxes is not an expense of administration and is not deductible in computing the tax. The Commissioner further contends that the interest paid on federal estate taxes is not an expense of administration and is therefore

not deductible for purposes of the Tennessee inheritance tax. We disagree with both contentions of the Commissioner.

T.C.A. § 67–8–315(a) provides, in pertinent part:

"For the purpose of determining the net estate subject to [Tennessee inheritance] tax, the following deductions shall be deducted from the value of the gross estate:

....

(4) Expenses of administration ...."

■ Although T.C.A. § 67–8–315(a) does not define allowable "expenses of administration," the general rule is that an executor is entitled to credit his accounts for expenses necessarily and properly incurred in good faith, in transacting with reasonable care and diligence the business of the estate, upon proof of the particular items of expense claimed. 33 C.J.S. *Executors and Administrators* § 217, at 1207 (1942).

In accord with the general rule, there is ample Tennessee authority that supports the proposition that a court will credit an executor for interest incurred during administration. T.C.A. § 35–50–110(8) [formerly T.C.A. § 35–618(8) ], for example, specifically authorizes an executor to borrow money and pay interest when the decedent incorporates this provision into his will, as the testator did in this case.

In *Coffee v. Ruffin,* 44 Tenn. 487 (1867), the executor was granted broad powers under the will. During the administration of the will, the executor borrowed money at usurious rates of interest to prevent a sacrificial sale of the real estate. The court credited the executor for the usurious interest paid, noting the broad discretion conferred upon the executor by the will to borrow money, even at usurious rates, and to charge the estate with that interest. In *Allen v. Shanks,* 90 Tenn. 359, 16 S.W. 715 (1891), the executor borrowed money without express authorization. Because the money was used to benefit the estate, however, the court credited the executor for legal interest paid on the loan, but it refused to credit the usurious percentage of the interest.

■ As the *Coffee* and *Ruffin* courts credited interest as a cost of administration under those circumstances, likewise, interest should be a proper expense of administration when specifically authorized by the terms of the will, as in the present case. Interest is simply the cost of using money, and there should be no differentiation for purposes of deductibility whether the interest is paid on taxes or on money borrowed to pay the taxes. *Estate of Bahr v. Commissioner,* 68 T.C. 74 (1977); *Holt v. Lynch,* 307 N.C. 234, 297 S.E.2d 594 (1982).

The federal courts have consistently determined that interest on unpaid taxes is a deductible expense of administration under I.R.C. § 2053(a)(2), the federal counterpart to T.C.A. § 67–8–315. *See, e.g., Estate of Wheless v. Commissioner,* 72 T.C. 470 (1979); *Estate of Bahr v. Commissioner, supra; Estate of Webster v. Commissioner,* 65 T.C. 968 (1976); *Estate of Todd v. Commissioner,* 57 T.C. 288 (1971); and *Penrose v. United States,* 18 F.Supp. 413 (E.D.Pa.1937).

The Commissioner, however, maintains that, regardless of the deductibility of interest paid on federal estate taxes, the interest on Tennessee inheritance taxes is not a deductible administrative expense under T.C.A. § 67–1–801(a)(3), which provides: "Any interest imposed on delinquent or deficient tax payments shall be considered part of such delinquent or deficient taxes and shall be payable to and collectible by the commissioner in the same manner as the tax is paid and collected." Based on this section, the Commissioner asserts that such interest is part of the Tennessee inheritance taxes and is not deductible as an administrative expense.

In *Holt v. Lynch, supra,* a similar issue existed as the North Carolina statute also defined interest as part of the tax. The North Carolina Supreme Court rejected the Commissioner's argument that the deduction of interest as an expense of administration should be disallowed and stated: "To adopt the Commissioner's reasoning, we must accept his underlying assumption

that interest on a tax is a tax for purposes of determining its non-deductibility under G.S. § 105–9. It is this underlying assumption that we now reject." 297 S.E.2d at 597. The court then stated that the statutory definition of tax, G.S. § 105–241.1(i1) was contained within the subchapter of the Code entitled "General Administration; Penalties and Remedies."[1] This suggested to the court that this statutory definition of tax as including interest was for administrative purposes only, and that interest itself is substantively something that is separate and distinct from the tax. The court concluded that interest should be treated in the same manner as the tax only for the limited purposes of assessment, collection and payment, and that, although collected as part of the tax, interest paid on an estate or inheritance tax deficiency should be more properly characterized as something in addition to the tax. 297 S.E.2d at 597.

The federal courts, except for *Ballance v. United States*, 347 F.2d 419 (7th Cir. 1965), have uniformly held that interest is not part of the tax in determining deductibility. While *Ballance* has not been expressly overruled, the I.R.S. has consistently recognized the case as an aberration by acquiescing in Tax Court decisions to the contrary and by issuing Revenue Rulings that have permitted the interest as a deductible expense of administration. *See* Rev.Rul. 125, 1978–1 C.B. 292; 250, 1980–2 C.B. 278; 154, 1981–1 C.B. 470; 256, 1981–2 C.B. 183; 24, 1983–1 C.B. 229.

 If the executor had borrowed money from a private lender to pay the federal estate taxes, the interest would have clearly been deductible as an administrative expense under I.R.C. § 2053(a)(2). *Estate of Todd v. Commissioner, supra.* The Commissioner, however, proposes that "tax" interest does not share the same status as "commercial" interest paid on borrowed money, even though in both circumstances the interest incurred benefits the estate. A similar argument by the I.R.S. was rejected by the Tax Court in *Estate of Bahr v. Commissioner, supra.* The *Bahr* court concluded that interest is separate and distinct from the tax imposed, although collected as part of the tax, and is therefore a deductible expense of administration. The court stated: "To deny petitioner the right to deduct for estate tax purposes the statutory interest incurred to defer the payment of estate tax has the practical effect of treating such interest in the same manner as a penalty if the estate does not have sufficient taxable income to benefit from deducting the interest paid on its income tax returns." *Id.* at 82.

 The decree of the trial court is affirmed. Costs are adjudged against the Commissioner.

COOPER, C.J., and BROCK, HARBISON and DROWOTA, JJ., concur.

---

**1.** T.C.A. § 67–1–801(a)(3) is also contained within the penalties and interest section of the General Provisions of Title 67, the tax portion of Tennessee Code Annotated.