ESTATE OF GORDON P. STREET, DECEASED, GORDON P. STREET, JR., RUTH L. STREET, FRANCES S. SMITH, AND JOHN P. GAITHER, CO-EXECUTORS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Street v. Commissioner
Docket No. 16594-86.
United States Tax Court
T.C. Memo 1988-553; 1988 Tax Ct. Memo LEXIS 582; 56 T.C.M. (CCH) 774; T.C.M. (RIA) 88553; December 6, 1988. John P. Gaither, S. Gale Graham, and Mark P. Kelly, for the petitioners. Vallie C. Brooks, for the respondent. TANNENWALD
MEMORANDUM OPINION TANNENWALD, Judge: Respondent determined *584 a deficiency of $ 11,877,077.75 in petitioner's Federal estate tax. After concessions, the issues for decision are (1) whether administration expenses and interest payable on Federal estate taxes, state inheritance taxes and deficiencies with respect to both should reduce the net value of the property interest passing to the surviving spouse that qualifies for the marital deduction and (2) whether a formula bequest, leaving property to heirs other than decedent's spouse up to the amount of property that would pass tax-free under the unified estate and gift tax credit, reduces the amount qualifying for the marital deduction. The facts are fully stipulated. The stipulation of facts and attached exhibits are incorporated herein by reference. Petitioner is the Estate of Gordon P. Street. Gordon P. Street is hereinafter referred to as "decedent." Decedent died testate on July 21, 1982. At the time of his death, he was a resident of Chattanooga, Tennessee. Gordon P. Street, Jr., Ruth L. Street, Frances S. Smith and John P. Gaither are co-executors of the estate, each of whom resided in Chattanooga, Tennessee, at the time the petition was filed. Petitioner timely filed a Federal *585 estate tax return on April 25, 1983, with the Internal Revenue Service Center, Memphis, Tennessee. Decedent's will, which was executed on October 13, 1981, provides in pertinent part as follows: ITEM I * * * I give to my executors all of the powers herein granted to my trustees hereunder. * * * I direct that my executors take such action and make such elections as will defer any federal estate tax on my estate until the death of my wife as permitted under the Economic Recovery Tax Act of 1981. ITEM II I direct that my executors pay all my just debts, funeral expenses, and the costs of the administration of my estate as soon after my death as practicable. All estate, inheritance or death taxes on my estate or occasioned by my death shall be paid from my residuary estate and not charged to any specific legatee or devisee hereunder, * * *. * * * ITEM V I give and bequeath to my daughter, Frances Street Smith, and to my son, Gordon P. Street, Jr., in equal shares, that amount of property in my estate which will not be subject to federal estate taxes under the Uniform [Unified] Estate and Gift Tax Credit as determined at the time of my death. This bequest may be *586 satisfied by any asset in my estate having the indicated value and subject to division in two equal shares. ITEM VI In the event my wife, Ruth Lowrance Street, is living at my death, I give, devise and bequeath to my trustees hereinabove named the entire remainder of my estate to be held in trust for her during her lifetime. It is my intention to take advantage of the provisions of the Economic Recovery Tax Act of 1981 exempting from federal estate tax at the time of my death this portion of my estate. * * * * * * ITEM VIII In addition to and not in limitation of all common law and statutory authority, and all powers otherwise granted in this will, the executors and trustees shall have the following powers * * * but no such powers granted to my trustees shall be exercised in such a way as to prevent that portion of my estate going to my wife from escaping federal estate taxes at my death pursuant to the provisions of the Economic Recovery Tax Act of 1981: * * * E. . To determine conclusively, but not in such manner as to invalidate any of the provisions of this instrument, what receipts and expenditures * * * shall be credited or charged to principal and what to income *587 * * *. Under Item IV of the will, decedent gave Gordon P. Street, Jr., all of his "personal effects that are peculiarly suitable for masculine use, such as watches, personal jewelry, etc." On its estate tax return, petitioner reported adjusted taxable gifts of $ 221,715. Petitioner reported a bequest of $ 10,000 to Gordon P. Street, Jr., apparently under Item IV of the will. [1]
For each of 1982, 1983 and 1984, petitioner filed a Form 1041 (Fiduciary income tax return). On those returns it reported income of $ 325,223, $ 763,416 and $ 1,885,518, respectively and claimed deductions for various administrative fees as follows: Year
Item
1982
1983
1984
Attorney and accountant
fees
$ 7,718
$ 107,455
$ 133,743
Fiduciary fees
--
100,000
100,000
Other administrative
expenses
3,791
10,028
257
Each Form 1041 contained a statement pursuant to section 642(g) [2] stating that the claimed expenses had not been allowed as deductions on the Estate Tax Return and waiving any right to so claim them. In *588 addition to the expenses claimed on the Fiduciary Income Tax Return, petitioner has incurred additional fiduciary fees of $ 153,746 and additional attorney and accountant fees of $ 252,284. Section 2001 imposes a tax on the transfer of the taxable estate of all citizen and resident decedents. Section 2051 defines taxable estate as the gross estate less deductions. Section 2056(a) provides: For purposes of the tax imposed by section 2001, the value of the taxable estate shall, except as limited by subsection (b), be determined by deducting from the value of the gross estate an amount equal to the value of any interest in property which passes or has passed from the decedent to his surviving *589 spouse, but only to the extent that such interest is included in determining the value of the gross estate. [3]
Section 2056(b)(4) provides: In determining for purposes of subsection (a) the value of any interest in property passing to the surviving spouse for which a deduction is allowed by this section -- (A) there shall be taken into account the effect which the tax imposed by section 2001, or any estate, succession, legacy, or inheritance tax, has on the net value to the surviving spouse of such interest; and (B) where such interest or property is encumbered in any manner, or where the survivng spouse incurs any obligation imposed by the decedent with respect to the passing of such interest, such encumbrance or obligation shall be taken into account in the same manner as if the amount of a gift to such spouse of such interest were being determined. The primary issue for decision is whether administration expenses *590 and interest payable on state inheritance taxes, Federal estate taxes and deficiencies related thereto are chargeable to the principal of the estate or to the income generated therefrom. If they are chargeable to income, they do not reduce the amount of principal passing to the surviving spouse and hence qualifying for the marital deduction. Whether an expenditure is chargeable to principal or income is a matter of state law. Estate of Richardson v. Commissioner,89 T.C. 1193, 1201 (1987). At the time of decedent's death, the Tennessee Principal and Income Act provided that "ordinary expenses incurred in connection with the trust estate or with its administration and management * * * shall be paid out of income." Tenn. Code Ann. sec. 35-6-113(a) (1984). Although by its terms the Principal and Income Act applies "in all cases where a principal has been established with or, unless otherwise stated hereinafter, without the imposition of a trust," Tenn. Code Ann. sec. 35-6-103 (1984), it is unclear whether it applies to probate estates. See In re Feehely's Estate,179 Ore. 250, 170 P.2d 757 (1946) *591 (holding that the same uniform act section does not apply to probate estates in Oregon). In any event, Tennessee law provides that the creator of the principal may change the statutory arrangements for allocating items between principal and income. See Tenn. Code Ann. sec. 35-6-103 (1984). Therefore, we believe that an inquiry into decedent's intent is proper. [4]
To do so, we look to the terms of his will. The Tennessee Supreme Court has stated: The basic rule in construing a will is that the court will seek to discover the intention of the testator, and will give effect to it unless it contravenes some rule of law or public policy. That intention is to be ascertained from the particular words used, from the context and *592 from the general scope and purpose of the instrument. [Third National Bank in Nashville v. First American National Bank of Nashville,596 S.W.2d 824, 828 (Tenn. 1980).] We begin with the question of the interest, which is disposed of by Estate of Richardson v. Commissioner, supra.In that case, we held that interest payable on state inheritance and Federal estate taxes was chargeable to income under Tennessee law and the terms of the will at issue in that case. Respondent argues that the terms of the will herein are distinguishable because here it is clear that taxes and the associated interest were to be paid from the residuary estate. We disagree. The will in Estate of Richardson provided that "My Executors shall * * * pay out of my residuary estate * * * all inheritance, succession, and estate taxes assessed aginst my estate * * *." 89 T.C. at 1194. We do not think the minor differences in wording of decedent's will herein create a distinction of any substance. [5] Nor do we believe that the fact that Tennessee law requires that assets sufficient to pay claims and interest thereon be set aside by the executor, see Tenn. *593 Code Ann. sec. 30-2-317 (1984), requires a different conclusion. Respondent cites two more recent decisions, Estate of Reid v. Commissioner,90 T.C. 304 (1988), and Estate of Fine v. Commissioner,90 T.C. 1068 (1988), as supporting his position. Both, however, are distinguishable. Estate of Reid, decided under Illinois law, dealt with apportionment of taxes between two portions of principal. In that case, we held that the executor's discretionary right to allocate all taxes to non-marital property was not sufficient to treat the taxes as having been paid from such property, so that the marital property's share of taxes was apportioned to the marital property. There was nothing in the will which disclosed that the decedent intended to maximize the marital deduction. By way of contrast, in the instant case, while the will gave the trustees discretion, the executors and trustees were directed by the decedent to take such action as would protect *594 the marital deduction -- a course of action that was also mandated by Tennessee law. See Tenn. Code Ann. sec. 35-50-112 (1984). In Estate of Fine, decided under Virginia law, we held that the terms of a general clause did not override the terms of a specific clause which directed payment of the items in question "out of my residuary estate without apportionment" (emphasis added). Moreover, in that case, the will also contained another provision bequeathing property to the surviving spouse "free and clear of all debt." We emphasized this provision in reaching our conclusion. 90 T.C. at 1076. In the instant case, there is no specific nor contrasting provision which would be indicative of decedent's intent with respect to apportionment. We next consider the other administration expenses. Respondent argues that it was decedent's intent to have the administration expenses paid from the principal of the estate. Petitioner argues that his intent was otherwise. We agree with petitioner. Respondent bases his argument on the general provision of Item II of decedent's will, which states that certain expenses are to be paid as soon as practicable after decedent's *595 death, and argues that that must mean from principal because when decedent died there was only principal available to make such payments. We think, however, that the clear intent of the specific provisions of the will giving the executors and trustees power to allocate expenses to income, and the Tennessee statute that requires such an allocation if it will protect the marital deduction, overrides any inference that the general provision of item II justifies that such expenses must be charged to principal. [6] Furthermore, decedent was clearly concerned with qualifying for and maximizing the marital deduction as amended by the Economic Recovery Tax Act of 1981, as shown by the several admonishments in the will to the trustees not to jeopardize such qualification. Finally, under Tennessee law, interest on taxes is an administration expense, Cleveland Bank and Trust Co. v. Olsen,682 S.W.2d 200 (Tenn. 1984); it is not illogical to extend the treatment afforded interest in Estate of Richardson v. Commissioner, supra, to other administration expenses. *596 Respondent also relies on Estate of Roney v. Commissioner,33 T.C. 801 (1960), affd. per curiam 294 F.2d 774 (5th Cir. 1961). That case dealt with a Florida statute requiring under the circumstances therein (namely, no applicable provision in the will), that certain payments be charged to principal. That case obviously has no application herein where we have specific provisions in the will and a statute which provides a contrary allocation. Similar reasoning applies to distinguish Chiles v. United States,843 F.2d 367 (9th Cir. 1988), where the Ninth Circuit Court of Appeals held that a specific unrepealed provision of the Internal Revenue Code precluded relieving the marital deduction of the burden of Federal estate taxes. We hold that the administration expenses are chargeable against income and do not reduce the amount of principal eligible for the marital deduction. Finally, we deal with the effect of Item V of decedent's will. That item creates a bequest to decedent's children equal to "that amount of property in my estate which *597 will not be subject to federal estate taxes under the Uniform [Unified] Estate and Gift Tax Credit as determined at the time of my death." Petitioner argues that no property passes under Item V because of other provisions of the will. Respondent argues that, while no property passes under this provision to the extent of the total adjusted taxable gifts reported by petitioner, $ 3,285 must pass under this provision (thereby reducing the marital deduction by a like amount) because the tax on that amount, added to the tax on the adjusted taxable gifts, will eliminate the unified credit available to petitioner under section 2010(b). [7] We agree with petitioner. It is clear that decedent intended for the bequest under Item V to be no greater than that amount which would eliminate the unified credit against estate tax available to his estate. As respondent concedes, the adjusted taxable gifts made by decedent reduce this bequest, because the tax on them eliminates part of the *598 unified credit. Item V must be read in conjunction with the other parts of the will, in particular item IV, which provides for a bequest of certain of decedent's personal effects to his son, an element which respondent ignores. The tax on the value of this bequest also eliminates part of the unified credit. Under the facts herein, the tax on the sum of adjusted taxable gifts and the bequest to decedent's son is greater that the unified credit. Thus, no amount can pass under Item V that "will not be subject to federal estates taxes." To reflect the foregoing and concessions, Decision will be entered under Rule 155.
Footnotes
1. Concomitantly, on Schedule F of the estate tax return, personal property and effects were reported at a value of $ 10,000.↩
2. Unless otherwise indicated, all section references are to the Internal Revenue Code as amended and in effect at the relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure. ↩
3. This section is effective for decedents dying after Dec. 31, 1981. Economic Recovery Tax Act of 1981, Pub. L. 97-34, sec. 403(e)(1), 95 Stat. 172, 305.↩
4. We note that, if this statute is controlling, it only applies to the extent that the claimed expenses were ordinary expenses within its terms. The parties have stipulated only to the amounts, and not the purposes, of the relevant expenses, so we would be unable to determine whether they were in fact ordinary within the terms of the applicable Tennessee law.↩
5. Respondent also argues that we should, for a variety of reasons, reconsider our opinion in Estate of Richardson v. Commissioner,89 T.C. 1193↩ (1987). This we decline to do.
6. We note, moreover, that the fact that item II states specifically that taxes are to be paid from principal and is silent as to whether other administration expenses are to be charged to principal or income tends to negate any such inference.↩
7. That credit was $ 62,800 for decedent's dying in 1982, see sec. 2010(b), which is equal to the tax payable on the first $ 225,000 of the taxable estate and adjusted taxable gifts. See sec. 2001(c)(1)↩.